## *In re* AGREED STATEMENT OF FACTS FROM KAY COUNTY.

### No. 864. Opinion Filed May 9, 1911.

.TAXATION—Lien for Taxes—Stock of Goods Sold—Construction of Statutes. Where taxes assessed upon a certain stock of goods are in arrears for the years 1905, 1906, and 1907, and the same are thereafter in 1907 sold to one certa'n person and the owner fails to retain sufficient to pay the taxes thereon, a lien thereon for the taxes of the year 1907 only is preserved by chap. 75, art. 1, sec. 8, of Wilson's Stats. of Oklahoma.

(Syllabus by the Court.)

*Statements of Facts from Kay County.*

In the Matter of the Agreed Statement of Facts Between J. E. Burns, County Attorney for Kay County, Oklahoma, and W. S. Cline, Trustee for the Creditors of Harrington Brothers, a corporation. Judgment of trial court reversed.

*W. S. Cline*, Trustee, *pro se.*
*J. E. Burns*, as County Attorney, Kay County.

TURNER, C. J. This cause is presented to this court pursuant to section 4419 of the Statutes of Oklahoma, 1893, upon an agreed statement of facts, between all parties in interest, in substance as follows:

That the property of Harrington Bros., a corporation, in business at Newkirk, consisted solely of a stock of hardware and store furniture and fixtures; that for the year 1905 taxes and penalty assessed against the same were $182.45, for 1906, $149.79, for 1907, $94.96; that on August 23, 1907, said corporation executed to W. S. Cline in trust for its creditors a chattel mortgage on all of said property to secure them some $3,000, but continued to sell in the usual course of trade until in February, 1908; that in March, 1908, to avoid foreclosure, said corporation sold what remained of said property to said Cline, as trustee aforesaid; that he in turn, for said creditors, that same month, sold said property to one Blevins, a nonresident, at which time neither said trustee nor said creditors knew said taxes had not been paid; that to avoid a levy to collect them he, for said creditors, out of the purchase money paid the treasurer of Kay county $94.96, the amount of the tax due for 1907, but denied liability and refused to pay the taxes due for 1905 and 1906. He agreed with the treasurer, however, to hold a sufficient amount realized from the sale of said property to pay them pending proper action to determine his liability so to do, and the question for us to determine is whether we should direct him to pay same.

The governing statute (c. 75, art. 1, sec. 8, Wilson's Stats. of Okla. 1903) reads:

"If any person in this territory, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien thereon, or if such property is about to be sold at auction, or about to be sold at cost, then in either of such events, the tax thereon shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases. The one owing such tax shall be civilly liable to any purchaser of such property for any tax he owes

thereon, but the property so purchased shall be liable in the hands of the purchasers for such tax. Provided, however, if the property be sold in the ordinary course of trade it shall not be so liable in the hands of the purchasers."

In support of his contention that he is not liable for the taxes of 1905 and 1906, the trustee urges there can be no lien for unpaid taxes except by virtue of the statute and all such as purport to give one must be construed most strictly against the state. He insists that it is only where property is assessed and before the taxes are paid it is sold that the taxes for that year shall be a lien thereon, and that "that year" has reference only to the year in which the property is sold. The general rule undoubtedly is that laws imposing taxes are to be strictly construed. 27 Am. & Eng. En. Law 816.

Judge Cooley in his work on Taxation (3rd Ed.) p. 454, quoting approvingly from *Hubbard v. Johnston, supra*, says:

" 'It is a well-settled rule of law that every charge upon the subject must be imposed by clear and unambiguous language. Acts of parliament which impose a duty upon the public will be critically construed with reference to the particular language in which they are expressed. When there is any ambiguity found, the construction must be in favor of the public; because it is a general rule that when the public are to be charged with a burden, the intention of the Legislature to impose that burden must be explicitly and distinctly shown.' This statement of the general rule expresses the view which it is believed has always prevailed in England."

No very strict construction, however, is necessary to make it apparent that said point is well taken. The meaning of the statute is more obvious, stripped to read thus:

"If any person in this territory, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien thereon, * * * The one owing such tax shall be civilly liable to any purchaser of such property for any tax he owes thereon, but the property so purchased shall be liable in the hands of the purchasers for such tax. Provided * * * *"

Which means that the taxes for the year in which it is sold

shall be a lien on the property, and if the purchaser is compelled to pay it the one owing it shall be civilly liable to the purchaser therefor.

We are therefore of opinion that the trustee was not liable for the tax of those years, and for that reason the judgment of the trial court is reversed.

All the Justices concur.