**FIRST STATE BANK OF LAMONT v. WARE et al.**

No. 8134—Opinion Filed June 11, 1918.

(174 Pac. 273.)

(Syllabus.)

**1. Liens—Creation.**

Liens can only be created by agreement or by some fixed rule of law. It is not one of the functions of the courts to create them.

**2. Chattel Mortgages — Lien — Title to Property.**

By statute in this jurisdiction (section

3831, Rev. Laws 1910), notwithstanding an agreement to the contrary, a lien or a contract for a lien transfers no title to the property subject to the lien.

### 3. Liens — Action for Possession — Pleading.

Record examined, and held, that the agreement set out in the petition did not create a lien in favor of the plaintiff upon the personal property involved.

Error from District Court, Grant County; W. M. Bowles, Judge.

Action by the First State Bank of Lamont against W. L. Ware and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Parker & Simons, for plaintiff in error.

Sam P. Ridings, for defendants in error.

KANE, J. This was an action in replevin, commenced by the plaintiff in error, plaintiff below, against the defendant in error, W. L. Ware, one of the defendants below. After the commencement of the action, the defendants in error Frank Clancy and M. W. Clancy filed their application to be made parties defendant therein, which was granted. Thereafter the defendant W. L. Ware demurred to the petition on the ground that the same did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant Ware, which demurrer was sustained by the court, whereupon the plaintiff elected to stand upon his petition and commenced this proceeding in error for the purpose of reviewing the action of the trial court.

Frank Clancy and M. W. Clancy, depending solely upon the claim of ownership of the property involved, joined W. L. Ware in the demurrer to the petition, so the sole question for review is whether or not the petition of the plaintiff states facts sufficient to constitute a cause of action in favor of the plaintiff, the First State Bank of Lamont, and against the defendant W. L. Ware. Counsel or plaintiff have summarized in their brief a statement of the facts contained in their petition as follows:

On September 16, 1914, the defendant W. L. Ware gave to A. C. Thompson his promissory note for $356.75, which was afterwards transferred to this plaintiff, the First State Bank of Lamont. That on August 14th, of the same year, the defendant W. L. Ware gave to this plaintiff his promissory note for $1,000, that prior to these transactions the defendant W. L. Ware had given on March 17, 1914, a chattel mortgage to the Farmers'

National Bank of Pond Creek for the purpose of securing a note of $1,035 and interest covering the personal property sought to be recovered by the plaintiff in this action. That thereafter, and on September 26, 1914, the defendant W. L. Ware gave to the Farmers' National Bank of Pond Creek another chattel mortgage on certain personal property therein described for the purpose of securing the indebtedness therein described as a certain promissory note of even date therewith for the sum of $5,782.44, with interest etc. That this last-named chattel mortgage given on September 26, 1914, contained the following clause:

"To be applied: First, to Farmers' National Bank claim; second, to W. H. McKinley claim; and, third, to the First State Bank of Lamont."

The special interest claimed by the plaintiff, on which he bases his right to the possession of the property, is set forth in his petition as follows:

"That, at the time of the giving of said last chattel mortgage marked 'Exhibit D,' it was orally agreed between the said A. C. Thompson on his own behalf and on behalf of the First State Bank of Lamont, and the said W. L. Ware and the said the Farmers' National Bank of Pond Creek, that both of said chattel mortgages and the property covered thereby should be held as security for the purpose of paying the indebtedness owing to the said William McKinley, the Farmers' National Bank of Pond Creek and the First State Bank of Lamont, Okla., and the said A. C. Thompson; the indebtedness to said the First State Bank of Lamont and the said A. C. Thompson being the notes, copies of which are hereto attached marked 'Exhibits A and B.' That said the Farmers' National Bank of Pond Creek, Okla., was to hold said chattel mortgage for the use, benefit, and protection of all of said parties, and, notwithstanding the fact that said mortgages were made to it as mortgagees, it was agreed that the notes of the said First State Bank of Lamont and the said A. C. Thompson should be included in and protected by the security afforded both by said prior chattel mortgage, dated March 17, 1914. and the one given at the time of said agreement, dated September 26, 1914."

It may be said in passing that the petition also discloses that the property sought to be taken in possession is not described in the last mortgage, but consists of the property covered by the first chattel mortgage made to the Farmers' National Bank of Pond Creek for the sum of $1,035, prior to the execution of plaintiff's note. Plaintiff's theory of the legal aspect of his case is stated by his counsel in their brief as follows:

"We want to make it plain that we do not claim an oral chattel mortgage, but what we do claim is that the mortgage which had already been executed in favor of the Farmers National Bank of Pond Creek, and the one which was executed at the time this agreement was made, were to be held by said bank for the use and benefit of itself and of this plaintiff and of the said William McKinley and were to be treated as a single obligation. Supporting and reinforcing our position in this respect is the circumstance that the indebtedness to the Farmers' National Bank of Pond Creek, which was included in this last chattel mortgage, was the same identical indebtedness which was included in and covered by the first chattel mortgage to said bank, March 17, 1914. So that, instead of our position being that an oral chattel mortgage was created, our position is that a chattel mortgage which had already been created, executed, and recorded was by agreement of the parties to be held in connection with this last chattel mortgage for the benefit of all the parties to the transaction. What is there to forbid such a transaction as this?"

By a simple process of elimination, we may be able to present still more sharply the precise contention of counsel for plaintiff: (1) They do not claim a lien by virtue of a chattel mortgage in writing. (2) They make it plain that they do not claim to have an oral chattel mortgage. (3) They do not claim a lien by pledge or by any of the numerous means by which personal property may be impressed with a lien under the common law.

Leaving out of consideration, then, the foregoing recognized methods for creating liens upon personal property, we find nothing left upon which plaintiff may bring its claim for a lien. No rule is better settled than that liens can only be created by agreement or by some fixed rule of law. It is not one of the functions of the courts to create them. 17, R. C. L. 597. Moreover, it may be conceded that the oral agreement relied upon to create a lien was entirely valid, and still it does not follow that it created a lien on the personal property involved in favor of the plaintiff. The chattel mortgages referred to in the petition, it is admitted, were advisedly made, and it was their purpose to create a lien on the personal property described in favor of the mortgagee and against the mortgagor therein named. It is not alleged, nor does it appear from the instruments themselves, that it was the intention of the parties that these mortgages should create any lien in favor of the plaintiff. The most that they

claim for the agreement is that by its terms the property described in the mortgages was to be held in trust by the mortgagee named therein who had a lien, for the use and benefit of the plaintiff and William McKinley, who held unsecured paper of the plaintiff after the extinguishment of its own claim. We think counsel for the plaintiff state the situation with precise brevity in their brief as follows:

"All there is to the transaction is that simply by agreement the Farmers' National Bank of Pond Creek held these mortgages as security for the indebtedness owing to it by Ware to the defendants W. H. McKinley and the First National Bank of Lamont. We know of no law and can find no authorities which prohibit or invalidate such a transaction."

As there is no allegation of a breach of this trust relation by the trustee, we are unable to perceive how the petition states facts sufficient to constitute a cause of action upon this theory. At any rate, we are convinced that the oral agreement relied upon creates no lien in favor of the plaintiff; and, as the plaintiff relies upon a lien to support his right of possession, it follows that his action in replevin must fail.

In our discussion of the legal question involved herein, we have treated the chattel mortgage as creating a lien only, for such is its effect by statute in this jurisdiction. Section 3831, Rev. Laws 1910.

For the reasons stated, the judgment of the lower court is affirmed.

All the Justices concur.