### GOURD, Sheriff, v. GUARANTY NAT. BANK.

No. 14166—Opinion Filed July 24, 1923.

(Syllabus.)

1. **Taxation—Bank Stock—Assessment and Collection.**

Section 7318, Rev. Laws, 1910, as amended by chapter 107, Session Laws of 1915, provides the method of assessing and collecting taxes against stock in state and national banks. The tax is not levied against the capital and surplus of the bank, but is levied against the shares of stock as they appear in the names of the individual stockholders and owners, and when the tax levied against the same is not paid, it may be collected from the owner of the stock as any other personal tax is collected against a delinquent personal taxpayer, or it may be collected by an action subjecting the bank itself to the payment thereof.

2. **Same—Bank Officers as Agents of Stockholder—Nonpayment of Taxes—Lien On Real Estate of Bank—Statutory Remedy.**

While the bank and the officers thereof are made the agents of the stockholder in the assessment and payment of taxes levied against the stockholder's shares of the capital stock of the bank, no lien is created by the statute upon any real estate held by the bank as a corporate entity and no alias tax warrant can be levied thereon, but in event the officers of the bank fail to pay the tax as required by the said statute, the remedy of the officers is by action as provided therein.

3. **Same—Injunction Against Tax Sale of Bank's Real Estate.**

Where a national bank became insolvent on the 27th day of August, 1919, and under authority from the proper officers the assets

of said bank were sold to another national bank, real estate so transferred on the 23rd of October, 1919, is not subject to be sold on an alias tax warrant to satisfy the unpaid personal taxes levied against the shares of stock, and the judgment of the district court enjoining such threatened sale by the sheriff was proper.

Error from District Court, Cherokee County; J. H. Jarman, Judge.

Injunction by the Guaranty National Bank of Tahlequah against George R. Gourd, sheriff. Judgment for plaintiff, and defendant brings error. Affirmed.

Asbery Burkhead, for plaintiff in error.

J. I. Coursey, for defendant in error.

BRANSON, J. The Guaranty National Bank of Tahlequah, the plaintiff, was in 1919 a banking corporation, organized and existing under the banking laws of the United States. George R. Gourd, the defendant, was sheriff of Cherokee county, Okla. For a long time prior to August, 1919, the Central National Bank was a national banking corporation, and engaged in a general banking business in the city of Tahlequah, Okla. In the month of August, 1919, the said Central National Bank became insolvent, and was taken over by the Comptroller of Currency, and while in the hands of the national bank examiner its assets, or a part of the same, including both personal and real property, were sold, and transferred to the Guaranty National Bank. Among the assets which had prior to October 23, 1919, belonged to the Central National Bank was lot 9, block 76, in the City of Tahlequah.

The duly constituted authorities of Cherokee county levied and assessed for the year 1919, a tax upon the shares of the capital stock of said bank, which tax amounted to approximately $2,100. This tax was not paid, and in the month of May, 1921, the county treasurer of Cherokee county issued an alias tax warrant, and the defendant sheriff of said county levied said tax warrant upon the said lot 9, block 76, aforesaid, for the purpose of selling the same and collecting the taxes so levied against the shares of the capital stock of the said Central National Bank. Said property was advertised for sale, whereupon the plaintiff filed in the district court of Cherokee county its petition, setting up the fact said property had been conveyed by the Central National Bank to the plaintiff on the 23rd day of October, 1919, and prayed injunctive relief against the said sheriff, perpetually enjoining and restraining him from selling said property under said alias tax warrant. This matter

was tried to the district court upon an agreed statement of facts, in substance as hereinabove outlined. The district court entered an injunction as prayed by the plaintiff, from which the defendant appeals.

The brief filed on behalf of the plaintiff in error fails to incorporate therein the assignments of error complained of, as provided by rule 26 of this court, and under the authority of Seavers v. Rulison 29 Okla. 128, 116 Pac. 802, and numerous cases subsequent thereto, it would not be amiss to dismiss the appeal. But, as the alleged errors complained of by the defendant are susceptible of being ascertained without either a laborious or extended examination of the record, it is deemed advisable that the motion of the plaintiff to dismiss the appeal be denied, and that the appeal be considered on its merits.

It will be noted that the Central National Bank, the assessment on the shares of the capital stock of which had been made, became insolvent and was by the proper national banking officers taken over the latter part of August, 1919. The said assets were sold and transferred, and along with them was sold and transferred the said real estate to the Guaranty National Bank. The position of the defendant (plaintiff in error) seems to be that the tax assessed was one properly levied against the Central National Bank, and although a personal tax in its nature, it became and was a lien upon the real estate owned by said bank, and that, although the real estate in question was sold and transferred to the Guaranty National Bank, the tax warrant could be properly levied upon the same long after its sale to the Guaranty National Bank.

We deem it unnecessary to go into the matters kindred to one here at issue any further than is necessary to properly dispose of the question as to the correctness or incorrectness of the judgment of the district court.

It will be noted that by section 7391, Rev. Laws 1910, as amended by section 1, Session Laws of 1915, page 369, personal tax due from any person is made a lien upon his real estate for a period of two years after said personal tax becomes delinquent. And the plaintiff in error insists that this levy having been made in May, 1921, there was ample authority of law for the sheriff to subject this real estate to the payment of the taxes then delinquent assessed as above set out.

There is more than one trouble with this contention. In the first place, banks, which includes national banks, are not assessed as such, but as is provided by section 7318, Rev. Laws Okla. 1910, as amended by section 4 of chapter 107, of the acts of the Legislature of 1915, the assessment is made against the shares of the capital stock of the bank, as it appears of record in the name of the owner stockholder. And although the statute provides that the assessment is made in the name of the bank, it is in legal contemplation an assessment of the personal property belonging to the stockholder. The state goes further and makes it the duty of the bank to pay the taxes. This, however, is a method of collecting the taxes, and anticipates that the banking institution at the time of collection and payment will be a going concern. This method of taxation makes two means of enforcing collection available. Not only may it be enforced as against the shares of stock of the corporation, but it may be enforced against other property of the stockholder other than his stock in the bank.

The other method makes it the duty of the bank to pay this tax. But that does not mean that the tax which is assessed against the stock can be paid by a levy of a tax warrant upon property belonging to the corporate entity, even had the real estate in question at the time of the levy been the property of the Central National Bank. This, for the reason that the statute does not authorize this procedure in making the collection. The method provided by the statute is, in effect, that in case of default in paying taxes so assessed against the shares of the capital stock, the officers authorized to collect taxes shall have a cause of action to collect the same from any property of said bank or corporation, or from the proceeds of the sale of such shares of capital stock.

This statutory remedy by action, however, could not be effected by merely levying a tax warrant upon the property of the corporation. But it would be necessary that the taxes due be reduced to judgment, and the properties of the bank, if any it had, subject to such judgment, be subjected thereto.

Another trouble with the contention of the defendant is that this property was sold and transferred to the Guaranty National Bank on the 23rd day of October, 1919, and at that time there could have been no lien for taxes except the lien for the taxes upon the real estate itself, which under and by reason of section 7440, Rev. Laws 1910, as amended by Session Laws of 1915, the grantee thereof became bound to pay, or the real estate would in due time be sold therefor.

In the case of Walcott, Bank Commissioner, v. McCarroll, 88 Okla. 279, 213 Pac. 296, in discussing the said statute governing the assessment and collection of taxes against banks, this court said:

"But none of the foregoing provisions grant to the county a lien upon any of the property of the bank to secure the payment of this tax, and unless it can be determined from such provisions or some other provision of the statutes that a lien is given upon the property of the bank, the judgment of the trial court cannot be sustained. The general tax lien could only apply to the property itself, or to other property of the stockholder, and is not sufficient to fix a lien upon the property of the bank."

There being no lien fixed upon the real estate involved herein for the tax, the lien of the personal tax assessed against the stock belonging to individual stockholders not being made by the statute a specific lien against any other corporate property, real or personal, and the property in question having been sold and transferred to a separate and distinct corporation, free and clear of any lien, the judgment of the trial court enjoining the attempted sale under the tax warrant should be affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, COCHRAN, and HARRISON, JJ., concur.