## FIRST NAT. BANK of COMANCHE v. YOUNG, Sheriff.

No. 22890. Opinion Filed March 8, 1932.

J. P. Speer, for plaintiff in error.

Jerome Sullivan, County Attorney, and

Arthur J. Marmaduke, Assistant County Attorney, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Stephens county. The plaintiff had a chattel mortgage given by W. E. Hughes on certain personal property which was situated in Stephens county. The county treasurer of Stephens county issued two alias tax warrants for the delinquent personal taxes of W. E. Hughes, one being for the taxes for the year 1927 and one being for the taxes for the year 1928, and delivered them to the sheriff of that county. The sheriff seized a part of the property covered by the chattel mortgage of the plaintiff and proceeded to advertise the same for sale pursuant to the authority evidenced by the tax warrants. The plaintiff filed in the district court of Stephens county its petition praying that the defendant be permanently enjoined from selling the property, and a temporary injunction was issued. The cause was tried to the court. At the conclusion of the plaintiff's evidence the court sustained the demurrer of the defendant to the evidence of the plaintiff, rendered a judgment setting aside the temporary injunction theretofore granted and denied the prayer of the plaintiff for a permanent injunction. From that judgment the plaintiff appealed to this court. The parties will be referred to as plaintiff and defendant.

The plaintiff contends that there is no lien for taxes, in the absence of a constitutional provision or statute providing for a lien therefor; that a lien on personal property for taxes is not superior to a mortgage lien unless made so by constitutional provision or statute, and that there is no constitutional provision or statute making the lien on personal property for taxes superior to the lien of a chattel mortgage given in good faith for value prior to the assessment and levy of the taxes. We do not think that it is necessary to determine all of those contentions and we will determine only such of them as are necessary to a determination of the issue presented by the record in this case.

The defendant is represented by the county attorney of Stephens county and his assistant. They contend that the defendant had authority to hold the property seized by him under the tax warrant and to sell the same. In support of that contention they cite section 9601, C. O. S. 1921, which was adopted as section 7, article 2, chapter 38, Session Laws 1909. That section provides for a lien on personal property for taxes "thereon" for the year in which a sale is made of "all of the same to any one person" without the retention of sufficient to pay the taxes thereon. The provisions of that section are not applicable herein, for herein the owner of the personal property in controversy did not "sell all of the same to any one person" and the property is not "about to be sold at auction, or about to be sold at cost." The defendant contends that "a mortgage is a sale or conveyance of property within the meaning of section 9601, C. O. S. 1921," and that "it is plain that he has sold all of his property to this plaintiff in the form of a mortgage." In support thereof page 243, volume 19, Ruling Case Law, defining a mortgage is cited. Such is not the rule in this state. Under the laws of this state the title to mortgaged property remains in the mortgagor, the mortgagee having a lien thereon. J. I. Case Threshing Machine Co. v. Oates, Sheriff, 27 Okla. 412, 112 Pac. 980. In Smith-Wogan Hardware v. Bice, 34 Okla. 294, 125 Pac. 456, this court held:

"In Oklahoma a chattel mortgage creates a lien on the mortgaged property in favor of the mortgagee, and does not convey the title to the property."

That rule has been followed by this court in Nicholson v. Bynum, 62 Okla. 167, 162 Pac. 740, and First State Bank of Lamont v. Ware, 71 Okla. 1, 174 Pac. 273. We know of no decision of this court to the contrary. The provisions of the section are not applicable for the further reason that the tax therein made a lien is the tax "for that year" and "for that year" was construed in Re Agreed Statement of Facts from Kay County, 28 Okla. 728, 115 Pac. 1116, to be the year in which the sale of all of the property to any one person was made and not for prior years. To the same effect is J. I. Case Threshing Machine Co. v. Oates, Sheriff, supra. The section can have no other meaning, for taxes for prior years are past due and the language of the section under consideration is that "the tax thereon shall at once become due." The defendant had no authority by reason of the provisions of section 9601, supra, to sell the property held by him under the alias tax warrants under which he claimed the right to sell the same.

The defendant contends that under the provisions of section 9602, C. O. S. 1921, the sheriff was authorized to hold the property and to sell the same. He says that if the plaintiff should attempt to sell the property under a chattel mortgage foreclosure, it would be required to pay the tax and for that reason the sheriff ought to be authorized to sell the property for the purpose of collecting the tax. The statute

speaks for itself and this court is without authority to add to the provisions thereof. It is not applicable to the facts in this case, for the property has not been seized under an attachment, execution, or chattel mortgage. We do not deem it necessary to determine the effect of the provisions of that section where property has been seized under a chattel mortgage, for there has been no seizure under a chattel mortgage in this case. The tax therein referred to is the tax for the current year and not for prior years, and the language can be given no other construction, for the section provides "the tax on the property of such taxpayer shall at once fall due." The tax for prior years is past due. Since the property in question has not been seized by attachment, execution, or chattel mortgage, the defendant is without authority by reason of section 9602, supra, to hold the property or to sell the same.

Under the facts shown by the record in this case it is not necessary for us to discuss the rule stated in Fidelity Trust Co. v. Pumroy, Sheriff, 45 Okla. 66, 144 Pac 1052, and we will not do so further than to state that Mr. Justice Kane, who dissented from the opinion in that case, announced the same rule in Interstate Nat. Bank v. Pumroy, Sheriff, 45 Okla. 69, 145 Pac. 416.

It is stated in 37 Cyc. at pages 1143 and 1144, that:

"It is competent for the Legislature to make taxes a paramount lien on the property of the taxpayer, and this has been done in many states, the consequence being that the lien for taxes takes precedence of every other lien or claim upon the property of whatsoever kind, however created, and whether attaching before or after the assessment of the taxes. But this preference does not belong to the tax lien unless it is so declared by statute, and a law, for example, which merely enacts that taxes shall be a lien on real property does not make them a first lien"

—and at page 1145, that:

"And as to personal property, to which the tax lien does not ordinarily attach until seizure or distraint, such lien is usually subordinate to that of an existing chattel mortgage."

Our attention is called to no provision of our statutes, and we know of none, by which the defendant is authorized to hold the property in question or to sell the same for the taxes in question, and we are compelled to hold that he has no authority to do so.

The defendant contends that the injunction should not be granted for the reason that the plaintiff has a plain, adequate, and complete remedy at law, to wit, replevin. Replevin is a possessory action. The plaintiff is not seeking the possession of the property. The owner of the property has the right of possession of it. The rights of the plaintiff under its mortgage are equitable rights. When the defendant seized property covered by the mortgage of the plaintiff and was about to sell the same for taxes, the plaintiff had the right to resort to the remedy provided by the statute for the protection of his equitable rights in the property. Such was the rule stated in Gourd, Sheriff, v. Guaranty Nat. Bank, 90 Okla. 298, 217 Pac. 358, and it is in conformity with the provisions of section 420, C. O. S. 1921, as construed in Gray v. Stiles, Treas., 6 Okla. 455, 49 Pac. 1083, and Bailey, Sheriff, v. Williamson-Halsell-Frazier Co., 44 Okla. 586, 145 Pac. 412.

The judgment of the trial court is contrary to law and is reversed. The cause is remanded to that court for further proceedings not inconsistent herewith.

LESTER. C. J.. CLARK. V. C. J., and CULLISON, McNEILL. and KORNEGAY, JJ., concur. RILEY, HEFNER, and SWINDALL, JJ., absent.

Note.—See under (4), 26 R. C. L. 388, 389; R. C. L. Perm. Supp. p. 5768.