**BARBEE, Assignee, v. COWDEN, County Treas., et al.**

No. 27769.   Feb. 21, 1938.

Rehearing Denied March 29, 1938.

Reynolds & Ridings, for plaintiff in error.

Bill Vassar, County Atty., and Joe Young, Asst. Co. Atty., for defendants in error.

WELCH, J. This is an appeal from the district court of Lincoln county, wherein the court, in the matter of an assignment for the benefit of creditors, ordered the payment of personal taxes levied against the assignor for several years to first be paid in full out of the assets in the hands of the assignee.

Pertinent facts will appear in our consideration of the questions presented.

It is first urged that the assignee has no right to appeal from the order of the trial court. It is asserted that the order and judgment does not affect the personal rights of the assignee and that he is not aggrieved thereby; that the assignee may not appeal where only the relative rights of creditors are involved. Among citations of authorities given are Cargile v. Union State Bank et al., 40 Okla. 506, 139 P. 701; Eastwood v. Clinkscales, 82 Okla. 52, 197 P. 455; Baker v. Vadder, 83 Okla. 140, 200 P. 994; Federal Savings & Loan Ass'n v. Bell, 146 Okla. 128, 293 P. 214; Swan, Adm'x, v. Home Savings & State Bank, 148 Okla. 42, 297 P. 250; State ex rel. Sparks v. State Bank & Trust Co. (Esmerald County v. Wildes) (Nev.) 137 P. 400; 3 C. J. 653, par. 522; and 3 C. J. 655, par. 523.

The rule sought to be invoked is supported by the authorities given and is contained in the apt statement to be found in 2 Amer. Jur. page 962, par. 189, as follows:

"The right of an assignee for the benefit of creditors, as representative of the whole fund for the benefit of all creditors, to

appeal from judgments or orders affecting the welfare of the estate in proceedings to which he is a party is apparently undisputed. It is generally held, however, that an assignee for the benefit of creditors has no right to appeal from judgments or orders affecting the interests of the creditors only as between themselves, where the estate is not otherwise affected. * * *"

The authorities and the stated rule, however, do not support the contention that the assignee cannot appeal under the present facts. The tax claimant here is not a creditor under our statutes providing for such assignments. Therefore the assignee in this instance in prosecuting this appeal is engaged in the proper performance of his duties in protecting and preserving the estate for the creditors.

The instant case is not a case involving merely the relative rights of creditors.

Taxes are not debts, but are positive acts of government and creatures of statute, and must be enforced in statutory manner. (City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640; Independent School District No. 39, Creek County, v. Exchange National Co., 164 Okla. 176, 23 P.2d 210; City of Drumright v. Exchange National Co., 164 Okla. 158, 23 P.2d 213); and therefore the relation of debtor and creditor never existed between the sovereign power and the assignor or the assignee. We conclude that under the authorities stated the assignee herein is given the right of appeal.

The controversy arose when the county, through its proper officers, levied upon the property under tax warrants · representing personal taxes assessed for the years 1931 to 1936, inclusive. The assignment was made on September 21, 1936, recorded September 22, 1936, and the levy was made on October 2, 1936. At the time of the levy the assignee was in possession of the property and by agreement and stipulation the assignee was permitted to sell the property and place the proceeds of the sale in the hands of the clerk of the court to abide the determination of the rights of the parties by the court.

It appears to be conceded that the levy under tax warrants was regular in form and would be fully effective if title had remained in the assignor to the date of the levy. We hold that the assignor had no attachable interest in the property at the time of the levy, notwithstanding that no inventory had been filed at the time thereof. Hart, Trustee, v. Schencke, Rec., et al., 174 Okla. 134, 50 P.2d 159.

We, therefore, must resort to the statutes to ascertain whether or not a lien is given upon personal property for personal taxes assessed, and to determine the statutory methods provided for the collection of the tax against the property of the taxpayer after title to such property has passed from him.

It is the general rule that a general tax assessed and levied upon personal property is not a lien upon the property so assessed and levied against, unless it is so provided by statute. Taylor Motor Car Co. v. Salt Lake Co. (Utah) 281 P. 49. No statute has been cited which makes the personal taxes herein levied a lien upon the property while title and possession remain in the person to whom it was assessed, and we know of no such provision of our statutes. We therefore conclude that no lien of any character attached to the property herein involved prior to the assignment.

Section 12590, O. S. 1931, however, provides:

"If any person in this state, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien thereon, or if such property is about to be sold at auction, or about to be sold at cost, then in either of such events the tax thereon shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases. The one owing such tax shall be civilly liable to any purchaser of such property for any tax he owes thereon, but the property so purchased shall be liable in the hands of the purchaser for such tax: Provided, however, that if the property be sold in the ordinary course of retail trade, it shall not be so liable in the hands of the purchaser."

This court has held, under said statute, that when the property is sold to one certain person and the owner fails to retain sufficient to pay the taxes, a lien attaches only for the taxes assessed for the year in which the sale is made. J. I. Case Threshing Machine Co. v. Oates, 27 Okla. 412, 112 P. 980, and First National Bank of Comanche v. Young, Sheriff, 155 Okla. 282, 8 P.2d 1108.

The former decision of this court in Re Agreed Statement of Facts from Kay County, 28 Okla. 728, cited as Burns v. Cline, in 115 P. 1116, is authority for the conclusion, and holds, that an assignment for the benefit of creditors constitutes a sale within the meaning of the statute last above quoted,

and that in case of such assignment the property is impressed with a lien only for the taxes for the year of the assignment. That definite determination requires that we so hold in this instance. A similar conclusion was reached by the Supreme Court of Kansas in Bachman-Wise Motor Co. v. Comanche County, 54 P.2d 965.

The judgment of the trial court here covered taxes for 1936, the year of the assignment, and also for several prior years. That judgment is affirmed in so far as it applied to taxes for the year 1936, and reversed as applied to taxes for the years prior to 1936.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.