McCORMICK MACHINERY COMPANY, a corporation; National Bank of Tulsa, Tulsa, Oklahoma, a corporation, Plaintiffs in Error,

v.

Jack S. CRAIG, Sheriff of Le Flore County, Oklahoma; T. L. Ferguson, County Treasurer of LeFlore County, Oklahoma; Board of County Commissioners of Le Flore County, Oklahoma, Defendants in Error.

No. 38423.

Supreme Court of Oklahoma.

Oct. 20, 1959.

Rehearing Denied Feb. 2, 1960.

Forrester Brewster, T. L. Gibson, Muskogee, for plaintiffs in error.

James R. Reidy, County Atty. of Le Flore County, Poteau, for defendants in error.

IRWIN, Justice.

The plaintiffs, McCormick Machinery Company, a corporation, and The National

Bank of Tulsa, a corporation, conditional sales contract and chattel mortgage lien claimants, instituted this action against Jack S. Craig, Le Flore County Sheriff, T. L. Ferguson, Le Flore County Treasurer and the Board of County Commissioners of Le Flore County, praying for an injunction against the defendants prohibiting and enjoining them from proceeding to advertise and sell certain personal property which had been levied upon, for the collection of two tax warrants issued for the 1957 and 1958 delinquent taxes. Defendants filed a general denial and by way of cross petition denied that injunctive relief should be granted and alleged plaintiffs had a plain and adequate remedy at law. The court denied the injunction and dismissed the action and after a motion for a new trial was overruled, plaintiffs perfected this appeal. The parties will be referred to by their trial court designation.

### Facts

The material facts are not in dispute. In 1957, W. E. Logan and Sons, a partnership, executed and delivered to McCormick Machinery Company three conditional sales contracts securing a total indebtedness of $294,296.41, and covering certain construction equipment which the partnership contracted to purchase. The partnership executed and delivered to the National Bank of Tulsa its promissory note in the sum of $215,000, secured by a chattel mortgage covering the same equipment in the conditional sales contracts. All three conditional sales contracts and the chattel mortgage were duly filed and recorded in Le Flore County prior to the levy of the tax warrants. There remained unpaid $93,783.-24 on the conditional sales contracts and $215,000 on the chattel mortgage. The partnership was in the process of liquidation and in 1958 it advertised that all the property of the partnership, including that levied upon, was to be moved to Muskogee County and sold at public auction.

In 1958, and subsequent to the advertisement by the partnership that it would remove the property from the county and sell it at auction, two tax warrants were issued against the Logan and Sons partnership for delinquent personal taxes for the years 1957 and 1958. There is no question as to the legality of the taxes due and a levy had been made by the county sheriff upon part of the property and defendants were threatening to advertise and sell this property in satisfaction of the tax warrants when this action was filed.

### Contentions

The plaintiffs contend the conditional sales contracts and the chattel mortgage are prior liens on the property seized and the court erred in refusing injunctive relief. The defendants contend it is immaterial whether the liens of the plaintiffs were superior or inferior to the tax liens, but the real question is whether the sheriff and other county officials can be restrained and enjoined from levying the tax warrants on the property seized and the selling of such property without the tender of all personal property taxes due, and that replevin was the proper procedure and not injunctive relief.

### Issue

Although defendants assert other propositions, a careful analysis of the entire record will reveal the basic issue to be resolved is: Under what circumstances, if any, are antedated and recorded conditional sales contracts and chattel mortgage liens superior to tax liens created by the levy of tax warrants upon personal property about to be sold at auction or removed from the county?

### Conclusions

■ There is no lien for personal property taxes unless it is created by the terms of the statute imposing them. The Legislature of Oklahoma has not enacted general provisions whereby personal taxes shall be a lien on the personal property of the taxpayer so long as the title and possession remain unmolested in the taxpayer. In Barbee v. Cowden, 182 Okl. 334, 77 P.2d 669, we held:

"The statutes of this state provide no lien upon personal property for personal taxes assessed, so long as the title and possession of the property remain unmolested in the person against whom the assessment is made. Therefore no such lien exists."

However, the legislature has enacted special provisions whereby personal property taxes for one year (current) may be a lien and superior to other liens or claims. The pertinent portions of Title 68 O.S. 1951 §§ 218, 219, and 220, are as follows:

§ 218 "If any person in this State after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien thereon, or if such property is about to be sold at auction, or about to be sold at cost, then in either of such events the tax thereon shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases * * *"

§ 219 "If the property of any taxpayer be so seized by * * * chattel mortgage as to take all property liable to execution, without leaving a sufficient amount of property exempt from levy and sale to pay the taxes, then the tax on the property of such taxpayer shall at once fall due and be paid from the proceeds of the sale of the attached property in preference to all other claims against it. * * *"

§ 220 "When any person is about to remove his property from the county after the same has been assessed and before the taxes thereon have been paid, without leaving sufficient remaining for the payment of the taxes thereon, the tax shall at once become due and payable, and the treasurer shall issue a tax warrant for the collection of the same, and it shall be enforced as in other cases."

These special provisions, creating a tax lien upon personal property for one year (current) have not been materially amended since their enactment. In construing these provisions and granting relief to the mortgagee lien claimant, in Fidelity Trust Co. v. Pumroy, 45 Okl. 66, 144 P. 1052, 1053, where the chattel mortgage lien antedated the tax lien and the sheriff had levied upon the property while still in the possession of the owner who "had not sold" or "was about to sell at auction or remove the property from the county," we held:

"A lien for taxes upon the property of the tax debtor is inferior to that of a chattel mortgage lien antedating the time the tax lien attaches."

In Agreed Statement of Facts From Kay County, Burns v. Cline, 28 Okl. 728, 115 P. 1116, all the personal property had been sold. The taxes had not been paid for the two years immediately preceding the year of the sale or the year of the sale. We held that the delinquent taxes for the two years immediately preceding the sale were not a lien on the property sold but the taxes for the year of the sale were a lien if the owner had not retained sufficient funds to pay the taxes.

Injunctive relief was granted enjoining the sale of personal property in satisfaction of two tax warrants in First National Bank of Comanche v. Young, 155 Okl. 282, 8 P.2d 1108, where the property sought to be sold was subject to a recorded chattel mortgage which antedated the tax warrants. In substance, we said the provisions of Sections 218, 219, and 220, supra, were not applicable for the reason the owner had not sold all the property to any one person and was not about to sell at auction or sell at cost, and the property had not been seized by attachment, execution or chattel mortgage and we held:

"The provisions of section 9601 and 9602 C.O.S. 1921, are not applicable to personal taxes other than for the fiscal year in which the sale, or the seizure by attachment, execution, or chattel mortgage, therein referred to, is made."

Sections 9601 and 9602 are now Sections 218, 219, and 220, supra. This case was cited with approval in Algyre v. Seminole County, 156 Okl. 251, 10 P.2d 677.

In Barbee v. Cowden, supra, an assignment of personal property for the benefit of creditors had been made and this court held it constituted a sale and that a levy could be made for the personal taxes the year the assignment was made, but not for the delinquent taxes for the previous years.

■ Since our statute prescribes no lien for delinquent personal property taxes other than for one year (current) and our consistent holdings as to when a tax lien may attach, it is apparent the plaintiffs' liens are superior to the tax lien for the delinquent 1957 taxes. It is equally apparent that by virtue of Sections 218, 219, and 220, supra, and our construction placed thereon, a different rule is applicable to the 1958 taxes.

That portion of the statutes relating to property "about to be sold at auction or removed from the county", both being present in the case at bar, is as clear and concise as that portion relating to property which "has been sold", and our former reasoning and conclusions would apply with equal force. Also, the statutory provision prescribing that the tax shall at once fall due and be paid in preference to all other claims from proceeds of chattel mortgage sales is equally clear and concise. We therefore hold that the personal property tax for 1958 became due and payable at the time the partnership (owner) advertised that it would remove the property from the county and offer it for sale at public auction and the tax lien created by virtue of the levy under the tax warrant for the year 1958, was superior to plaintiffs' liens.

In this connection, the cases relied upon by defendants are distinguishable for in those cases the property remained unmolested in possession of the taxpayer and the property had not been sold when the action was filed and the owner was not "about to sell at auction or remove it from the county." These cases not only sustain our holdings herein but confirm our previous statement that "the Legislature has enacted special provisions whereby taxes for one year, (current) may be a lien and superior to other liens or claims."

■ We cannot sustain defendants' contention that plaintiffs' failure to tender the taxes due was fatal. Although a tender of taxes was not made by the plaintiffs, the record is silent as to a request or order for such tender, or the court even considering the failure of tender in dismissing the action. The first time that question was presented or relied upon is on appeal to this Court. If tender of taxes by plaintiffs, who do not question the legality of the assessment, or seek to set aside, defeat or void the taxes be required, such requirement was waived by defendants. Courtney v. Worley, 181 Okl. 399, 74 P.2d 370. We have held that the 1957 taxes are not superior to plaintiffs' liens, while we held the 1958 taxes are a lien and have priority, thus fully protecting the rights of the defendants, the same as prescribed by statute. Under the circumstances in this case it would be inequitable to peremptorily affirm in toto the order of the trial court which is contrary to law.

■ The contention of the defendants that replevin was the proper procedure for the plaintiffs to have followed and that injunctive relief was not available to them is untenable under the prior decisions of this Court. In the case of First National Bank of Comanche v. Young, supra, we held:

"Replevin is not an adequate remedy at law for the owner of a chattel mortgage to prevent a sale of personal property covered by the mortgage which has been taken and held by a sheriff under a tax warrant; the right of possession thereof being in the owner of the property and not in the chattel mortgagee."

See also Gibson v. Phillips University, 195 Okl. 456, 158 P.2d 901.

The judgment of the trial court is reversed with directions to vacate the order dismissing the action and reinstate the petition. The court is further directed to enter an order prohibiting and enjoining the defendants from proceeding to advertise and sell the property levied upon under tax warrant no. 2306 issued for the 1957 personal property taxes. The court is further directed to permit the payment of the 1958 taxes, costs and penalties, and if not paid within ten days from the date the mandate is spread of record, instruct the sheriff to proceed with the advertising and sale of the property levied upon under tax warrant no. 2307 issued for the 1958 personal taxes of the partnership.