## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Louise Green

    v.

Sixty-Seventh Sales Company

January 5, 1972

### By JUDGE A. CHRISTIAN COMPTON

The issue before the court at this time in this case raised by the plaintiff's motion to quash is whether, under Rule 4:9(b), a person not a party to the litigation is required to produce "income tax returns" for inspection by such party.

In this tort action, the plaintiff seeks reimbursement for an amount allegedly paid by her to a Mrs. Hurt for care given to the plaintiff by Mrs. Hurt in the plaintiff's home while the plaintiff was recuperating from injuries suffered in the accident. Counsel state that Mrs. Hurt has given a written receipt dated after this suit was filed to the plaintiff for the amount the plaintiff alleges she paid Mrs. Hurt. The defendant seeks to discover the tax returns (federal and/or state is not specified) of Mrs. Hurt or of Mrs. Hurt and her husband if joint returns were filed in order to prepare to meet the claim of the plaintiff relating to the aforesaid payment.

The court has concluded that the motion to quash should be sustained, and enclosed is a copy of the order entered today in that regard.

Rule 4:9(b) requires the clerk to issue the summons upon request of any party for production by a person not a party of papers "not privileged" at a

time and place specified in the subpoena. Under the facts upon which this motion is based, the court holds that the Hurt tax returns are privileged and that she is not required to produce the "income tax returns" required by the summons issued by our clerk dated December 29, 1971. Since the subject of the other items mentioned in the subpoena was not discussed this morning by counsel, the court makes no ruling on whether or not these remaining items required to be produced ought to be produced; and, therefore, the order, as you see, only sustains the motion to quash insofar as the income tax returns are concerned.

This, of course, is not the usual case where the returns of the plaintiff are sought by the defendant when the plaintiff has put in issue the subject of income by making a claim for reimbursement of lost wages or lost income. It is generally held under those circumstances that federal income tax returns are not privileged as a matter of law in civil cases where the returns are material to the claims of the parties. Mullins v. Baker, 107 S.E.2d 57, 64 (W. Va. 1959). See also 23 Am. Jur. 2d, Depositions and Discovery § 202; Anno. 70 A.L.R.2d 240. See also Connecticut Importing Co. v. Continental Distilling Co., 1 F.R.D. 190 (D. C. 1940); Kingsley v. Delaware Lackawanna & Western R. Co., 20 F.R.D. 156 (S.D. N.Y. 1957).

The only case found which discusses this precise point was decided by the Supreme Court of Oklahoma in 1960. Application of Umbach, 350 P.2d 299. There, the taxpayer was not a party to the pending suit but the defendant sought to discover the taxpayer's federal income tax returns as a possible aid to his defense of the case. The taxpayer argued that the cases cited by the defendant in support of his position that federal income tax returns are not protected by the privilege when they may contain evidence material or relevant to issues in pending litigation were inapplicable and the taxpayer contended that such rule applies only when the person, whose federal tax returns are sought, is a party to the said litigation. After discussing the relevant federal tax regulations and after reviewing the applicable decisions, the Supreme

Court of Oklahoma concluded that the taxpayer not being a party to the litigation, in preparation for the trial of which the defendant sought to inspect his returns, "he, of course, has neither tendered, nor joined, any issue therein to which any information, that might be found in those returns, would be material or relevant. Nor does it appear that he has, in any manner, waived the privilege in connection with said returns." 350 P.2d 301.

The policy underlying the protection of a privilege from disclosure of information contained in income tax returns is that where the government needs information for the conduct of its functions, the persons possessing the information need the encouragement of privacy in order to be induced freely to make full disclosure. Wigmore on Evidence, Third Edition, § 2377, citing Peden v. Peden's Adm'r., 121 Va. 147, 161 (1917). Such principle has justified the modern creation of statutory privileges in connection with tax returns. See 26 U.S.C.A., § 6103; 26 U.S.C.A. Int. Rev. Code § 55 and Code of Virginia, § 58-46.

For the above reasons, the motion of plaintiff's counsel made on behalf of the Hurts is sustained.