The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Must a release of a mechanic's and materialmen's lien be executed and acknowledged before being received for filing by a county clerk? As defined by statute, a "lien" is "a charge imposed upon specific property, by which it is made security for the performance of an act." 42 O.S. 1 [42-1] (1971). The type of lien referred to as a "mechanic's or materialmen's lien" is authorized in 42 O.S. 141 [42-141] et seq. (1971), as amended, and, generally, provides for the creation and attachment of such liens on real property by persons who, under contract, perform labor or furnish materials in improving the property, such liens following and enforceable against real property. 42 O.S. 141 [42-141] (1977). Persons claiming mechanic's and materialmen's liens are required to file a lien statement, verified by affidavit, within prescribed times and containing specified information. 42 O.S. 142 [42-142] (1978). By the provisions of 42 O.S. 141.1 [42-141.1] (1978), the Legislature transferred from the district court clerk to the county clerk all powers, duties, records and funds relating to the filing of mechanic's and materialmen's liens. No change in the filing requirements was made; only the person or office with whom filing was to be made was altered by the legislation. Under the provisions of 16 O.S. 26 [16-26] (1971): No deed, mortgage or other instrument affecting the real estate shall be received for record or recorded unless executed and acknowledged in substantial compliance with this chapter; and the recording of any such instrument not so executed and acknowledged shall not be effective for any purpose. Emphasis added Moreover, instruments "relating to real estate" do not constitute notice to third parties unless duly acknowledged and recorded. 16 O.S. 15 [16-15] (1971). It has been held that liens affect or are instruments relating to real estate under the foregoing statutes. Stone v. Wright, (10th Cir. 1935)75 F.2d 457, 460. Properly so, since our Oklahoma Supreme Court has held that liens are "property rights," National Cash Register Co. v. Stockyard Cash Market, 100 Okl. 150,228 P. 778 (1924), may only be created by contract or by some fixed rule of law, First State Bank of Lamont v. Ware, 71 Okl. 1, 174 P. 273 (1918) and may be enforced against the realty without the rendition of an in personam judgment, Hooks v. Berry-Hart Co., 135 Okl. 161,274 P. 657 (1929). Indeed, our Court makes no real distinction, at least as far as enforceability is concerned, between "liens" and "mortgages." Bamberger v. Dollar Savings Bank, Okl., 396 P.2d 1013 (1964). Contracts of mortgage are subject to all of the statutory provisions relating to liens. 42 O.S. 5 [42-5] (1971). The function of the recording statutes is to impart notice of all claims affecting real property to third persons. 16 O.S. 16 [16-16] (1971). The failure to acknowledge an instrument affecting real property in the manner prescribed invalidates the attempted notice to third persons. While a release of lien, whether mortgage or mechanic's and materialmen's lien, need not take any particular form, it is clear and, indeed, reasonable that the removal of the claim against property should have the same formality as the imposition of the claim for the protection of both the landowners and third parties. It is, therefore, the official opinion of the Attorney General that: 1. A release of lien is an instrument affecting and relating to real estate as contemplated within the provisions of 16 O.S. 15 [16-15] and 16 O.S. 26 [16-26] (1971); 2. A release of lien may not be received for recording by the county clerk unless the instrument constituting the release be duly executed and acknowledged in substantial compliance with the provisions relating to the filing of liens and mortgages. (MANVILLE T. BUFORD) (ksg)