**BOECKING MACHINERY COMPANY, INC., substituted for the original Plaintiff, The C.I.T. Group/Equipment Financing, Inc., formerly known as C.I.T. Corporation, Appellee,**

v.

**JOHNSON CONSTRUCTION COMPANY, an Oklahoma corporation; Michael C. Johnson, an individual; Cimmarron Construction Company, an Oklahoma corporation; The Mustang Corporation, an Oklahoma corporation; Michael C. Johnson, as trustee of the FNBC deferred Income Trust for Michael C. Johnson; Liberty National Bank and Trust Company of Oklahoma, and Northwest Bank, Defendants,**

**and**

**Joe B. Barnes, the duly elected Treasurer of Oklahoma County, and The Board of Commissioners of Oklahoma County, Appellants.**

**No. 67733.**

Court of Appeals of Oklahoma, Division No. 2.

Oct. 14, 1988.

John T. Hardin, Hartzog, Conger & Cason, Oklahoma City, for appellee.

Robert H. Macy, Dist. Atty., Marc S. Pate, Asst. Dist. Atty., Oklahoma City, for appellants.

REIF, Judge.

This appeal arises from a suit filed by C.I.T. Corporation on January 15, 1986, to collect a promissory note. In addition to judgment against both the defendant debtor Johnson Construction Company and the guarantors, C.I.T. sought an order from the court to obtain the collateral pledged to secure repayment of the note. On March 6, 1986, Johnson Construction Company filed a notice of bankruptcy proceedings invoking the automatic stay. The controversy underlying this appeal stems from a claim by the Treasurer of Oklahoma County in both the bankruptcy proceeding and this suit to recover the current year's personal property taxes from the sale of the collateral.

In a motion for partial summary judgment filed July 7, 1986, C.I.T. advised the court of the lifting of the bankruptcy stay allowing C.I.T. "to proceed with its replevin and foreclosure of its security interest in the property securing the promissory note." In its brief in support of this summary judgment, C.I.T. further advised the court that the collateral was delivered to Boecking Machinery, an agent for C.I.T., which thereafter sold much of it through private sales in conformity with the laws of Oklahoma.

A copy of the order lifting the stay was attached to the motion for partial summary judgment. The order conditioned C.I.T.'s foreclosure of its security interest on the holding of an amount of cash from the collateral to provide for the disputed lien of the County Treasurer for the current year's business personal property taxes. However, the bankruptcy court deferred to the state court to resolve this dispute.

On July 23, 1986, C.I.T. filed a motion for summary judgment to determine the County Treasurer's claim for payment of the current 1986 taxes from the sale of the collateral. Thereafter, Boecking Machinery succeeded to C.I.T.'s interests in this suit. On October 24, 1986, the trial court entered an order substituting Boecking Machinery as plaintiff and a summary judgment that "plaintiff" had priority over the County Treasurer for all proceeds from the sale of the collateral. The County Treasurer appeals.

The crux of the County Treasurer's position is that certain dispositions of a taxpayer's personal property, including foreclosure of a security interest, constitute

taxable events which give rise to the immediate payment of taxes on such property for the current tax year. The County Treasurer specifically relied on 68 O.S.1981 §§ 24211, 24215, and 24216, in support of its position. The secured creditor countered by arguing that the express language of each statute considered alone does not support the County Treasurer's claim under the circumstances of this case.

In resolving this controversy, we are reminded that the intention and purpose of the legislature in the enactment of a statute or statutes on a particular subject is of primary importance. "While generally the language used in a statute is indicative of purpose and intent, it is not the sole source nor is it controlling.... [W]here the legislative intent is plainly discernible from the provisions of a statute when considered as a whole, the real purpose and intent of the legislative body will prevail over the literal import of the words employed." A reasonable and sensible construction will give consideration to the entire act. *C & C Tile and Carpet Co. v. Aday,* 697 P.2d 175, 177 (Okla.Ct.App.1985) (citations omitted).

Perhaps the strongest and clearest expression of legislative intent on the subject of the collection of current year's taxes upon certain dispositions of the taxpayer's personal property is found in 68 O.S.1981 § 24219, which provides in pertinent part:

> If, before the county assessor has delivered the tax rolls to the county treasurer *property subject to taxation is sold or seized, so as to jeopardize the collection of the tax thereon* ... the county assessor shall furnish the county treasurer the assessment on such property, and the county treasurer shall at once levy on the property so returned to him the percentage of tax levied in the county for the previous year, and collect the same as hereinbefore provided. If the tax rolls for the year have come into the possession of the county treasurer, then if such property be not listed therein, the

county treasurer shall enter the same on the tax rolls and levy thereon the same percentage of tax that is levied in the county for the year, and the *county treasurer shall then collect the taxes so levied as in other cases.* (Emphasis added.)

The "sold or seized" language is general and broad enough to encompass all the methods of foreclosure granted a secured creditor under 12A O.S.1981 § 9–504.[1] The direction for the collection of taxes "as in other cases" would plainly make the procedure of 68 O.S.1981 § 24211 applicable. This section provides:

> Whenever personal property within the State of Oklahoma is sold at public sale or under order of a court after the first day of January of that year, it shall be the duty of the clerk of the sale, the administrator, executor, referee in bankruptcy, receiver, agent or *other person making such sale to pay into the county treasury* of the county in which said sale takes place, *the amount of taxes due on said personal property for that year.* (Emphasis added.)

The secured creditor argues that section 24211 is not applicable because it does not expressly provide for a "tax lien" or assign "priority" to such a lien. It is apparent that the legislature did not use such terms of art; however, the legislature's purpose and intent is plainly stated in 68 O.S.1981 § 24213:

> The *person who has charge of the sale of property* mentioned in [§ 24211] *shall set aside the first money coming into his hands for the payment of taxes* therein referred to and he shall be entitled to retain five percent (5%) commission of the money to be paid into the county treasury as compensation for his services in collecting such taxes. (Emphasis added.)

Clearly, the County Treasurer has a paramount *claim* to be paid the current year's

---

1. The supreme court has tended to liberally construe the term "sale" as used in a related statute to ensure the payment of the current year's taxes upon disposition of personal property; an assignment for benefit of creditors has been held to constitute a "sale" that would give

rise to a claim for the personal property taxes for the year in which the assignment took place. *Barbee v. Cowden,* 182 Okl. 334, 335–36, 77 P.2d 669, 671 (1938); *Burns v. Cline,* 28 Okl. 728, 115 P. 1116 (1911).

taxes from the proceeds of any disposition of collateral by a secured creditor enforcing its rights of foreclosure against the collateral.

On the other hand, the secured creditor is correct concerning the extent of its liability for the current year's taxes under the circumstances of this case. We agree that neither 68 O.S.1981 § 24215 nor § 24216 are applicable under the summary judgment record "actually presented." *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780, 785 (Okla.1976). Accordingly, the secured creditor is not liable for all of the current 1986 personal property tax of Johnson Construction Company, but only for the amount due on the foreclosed personal property.

Upon remand, the trial court is directed to determine the personal property tax due on the collateral. Given the fact that the County Treasurer was less than clear about the basis of his claim and the secured creditor reasonably litigated this issue, the trial court is further instructed to award the secured creditor the five percent commission provided in 68 O.S.1981 § 24213.

REVERSED AND REMANDED WITH INSTRUCTIONS.

MEANS, C.J., and STUBBLEFIELD, J., concur.