GIBSON v. PHILLIPS UNIVERSITY et al.

No. 31195. May 22, 1945.

158 P. 2d 901.

W. B. Gibson, of Boswell, pro se, for plaintiff in error.

A. H. Ferguson, of Durant, and R. H. Stanley, of Hugo, for defendants in error.

WELCH, J. This case presents the questions, first, whether certain farm lands in Choctaw county are subject to ad valorem taxation or exempt from taxation; and, second, whether plaintiff may have injunctive relief.

The trial court determined the issues and rendered judgment in favor of plaintiff, and the intervener, W. B. Gibson, appeals.

Essential facts are that the plaintiff, Phillips University, a corporation, was organized under and by virtue of the laws of Oklahoma relating to religious, educational and benevolent corporations, and owns and operates "Phillips University," an outstanding educational institution at Enid, in Garfield county. In 1932 plaintiff acquired title to the real estate here involved, being 176 acres of farm land in Choctaw county, Okla. The land is rented and the income or net income therefrom used exclusively in promoting the general purposes of the plaintiff corporation and no part thereof goes as profit to any person. Plaintiff contends that by reason of this ownership and use of the income, said land is evempt from taxation under the constitutional provision exempting property by reason of certain uses thereof.

That is to say, the plaintiff contends in effect that the use of the rental income of this property in education or for the purpose of education is equivalent to the use of the property itself exclusively in education so as to exempt the property from ad valorem taxation under the Constitution.

Under these facts, it is apparent that the first question here presented is governed by the rule of Oklahoma County v. Queen City Lodge, 195 Okla. 131, 156 P. 2d 340, and we deem it unnecessary to here fully restate the details of the rule of that case or the sustaining reasons thereof.

But it is readily apparent that under the rule of the Queen City Lodge Case this property is subject to ad valorem taxation notwithstanding the ownership and use of rental proceeds as above stated. That is to say, that it is the use of such property itself which may give rise to the constitutional right to tax exemption; that mere use of the net income of such properties in education is not equivalent to the use of the property itself in education; and that the use of the net income of such property is not sufficient to create exemption of the property itself from ad valorem taxation.

The authorities primarily relied upon in this case by the plaintiff are cases which were overruled in the Queen City Lodge Case, supra. (The briefs were filed herein prior to that decision.) In that opinion we found compelling reasons to overrule these former decisions which are now relied upon by the plaintiff, and we adhere to that conclusion overruling those prior decisions. However, in the Queen City Lodge Case we also found compelling reasons to conclude that the overruling of such prior decisions amounted to a sharp change in the rule of taxable status of such properties, and that such overruling of prior decisions and such change of rule as to taxable status should operate prospectively only so as to make such properties subject to ad valorem taxation and assessment therefor only in future years.

And while we here follow the conclusions of overruling such prior decisions, we also adhere to the rule of the Queen City Lodge Case in here making such rule to apply prospectively only.

We are mindful of the view that we may have the authority and ought to make this rule retroactive for recent prior years so as to subject such properties to taxation during the period of present contest and to assessment for taxation for the present year of 1945, but we do not agree. That view would violate the rule of prospective operation and effect of our decision. That view was definitely and fully considered and disapproved in our determination of the Queen City Lodge Case. We there made full and unrestricted application of the rule by which the decision would operate and be effective prospectively only, thus making such properties first assessable and taxable in and for the year 1946.

It follows that when this case was tried, under the former rule of construction, and following prior decisions, plaintiff was entitled to have such prop-

erty adjudged to be exempt from taxation on account of the use of the rental proceeds therefrom. That is to say, that at the time of trial herein and prior to determination of the Queen City Lodge Case, the plaintiff was entitled to hold said property as tax exempt by reason of the then existing construction of the constitutional provision for exemption.

That brings us to intervener's contention that in any event plaintiff was not entitled to injunctive relief. This land had been assessed for taxation by the county treasurer since 1933 and for failure of plaintiff to pay such tax the land had been sold at annual tax sale and sold at resale before plaintiff was advised of such assessment. However, prior to issuance of the resale tax deed plaintiff commenced this action against the board of county commissioners and the county treasurer to restrain issuance of resale tax deed and to cancel assessment of the land for taxation.

In 61 C.J. 410, the general rule is stated that injunction is a proper remedy to prevent enforcement of collection of a tax on property which is legally exempt. In Walker v. Hays, 127 Okla. 123, 260 P. 15, this court held that injunction would lie to prevent the sale of tax exempt property to satisfy taxes assessed against it. And in First National Bank v. Young, 155 Okla. 282, 8 P. 2d 1108, this court determined injunction to be the proper remedy to prevent wrongful sheriff's sale of personal property under a tax warrant.

If it be assumed that the statute, 68 O.S. 1941 § 15.49, could apply in this case, it would not stand in the way of injunctive relief here since the exception therein stated would then also apply to this owner with no taxable property in the county.

Since the plaintiff was entitled to claim and hold this property as tax exempt, we conclude that the right existed to have injunctive relief.

In this case the judgment of the trial court ordered the assessment of this property stricken from the tax rolls,

which conclusion was correct under the former rule of construction which was overruled in the Queen City Lodge Case. The trial court's determination here must be affirmed because in the Queen City Lodge Case we withheld from any retroactive effect our overruling of prior decisions, a conclusion which we here follow. But the conclusion to affirm is only arrived at upon the foregoing considerations and is fully conditioned upon the future taxable status of the property as herein outlined.

By reason of the determinations here made, we find it unnecessary to consider any question that might arise by reason of the time, method, and manner of the intervention.

For the reasons stated, and upon the consideration and conditions stated, the judgment appealed from is affirmed.

GIBSON, C.J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., concurs in part and dissents in part. RILEY and CORN, JJ., dissent.

HURST, V.C.J. I dissent to the majority decision insofar as it applies the rule of prospective operation in the Queen City Lodge Case (195 Okla. 131, 156 P. 2d 340) to the year 1945, for the reasons given in my opinion in that case.