BOARD OF EQUALIZATION v. TULSA PYTHIAN BENEVOLENT ASS'N.

No. 31309. May 22, 1945.

*158 P. 2d 904.*

Dixie Gilmer, County Atty., and William Taylor and Claude Weaver, Jr., Asst. County Atty., all of Tulsa, for the Board of Equalization and the County Assessor of Tulsa County.

Hunt & Eagleton, of Tulsa, for the Tulsa Pythian Benevolent Association of Tulsa.

The Grand Lodge of Oklahoma of the Independent Order of Odd Fellows, by R. O. Wilson and Chas. B. Duffy, both of Ponca City, amicus curiae.

Everest, McKenzie & Gibbens, V. P. Crowe, F. C. Love, and Billups & Billups, all of Oklahoma City, Martin, Logan, Williams & Boesche and Richard P. Ryan, all of Tulsa, and John F. Eberle, of Oklahoma City, amici curiae.

John E. Luttrell, of Norman, for McFarlin Memorial Methodist Church, amicus curiae.

WELCH, J. This case presents the question whether and to what extent a certain building, with the grounds oc-

cupied, is subject to ad valorem taxation. It is a three-story office and mercantile building referred to as the Pythian Building located at the intersection of Fifth and Boulder streets in the city of Tulsa.

The Tulsa Pythian Benevolent Association, hereinafter referred to as the Association, a recently created Oklahoma corporation, purchased the building and now holds the same for general rental and rents space therein. The exact question is whether the building is taxable or whether it is exempt from taxation by reason of the ownership, the purpose of the organization, and the use of the rental proceeds.

The Association is charitable and benevolent in character, with no stockholders, operated for charitable and benevolent purposes, and with no profit inuring to any of the individual members. It is the purpose of the Association in its organization and in its ownership of this building to use the net proceeds from rentals in charities and benevolences in Oklahoma, and it is upon this ownership and use of income that the Association bases its claim of total tax exemption.

That is to say, the Association contends in effect that the use of the rental income of this property in charity is equivalent to the use of the property itself exclusively in charity, so as to exempt the property from taxation under the Constitution.

Under these facts it is apparent that the questions here presented are governed by the rule of Oklahoma County v. Queen City Lodge, 195 Okla. 131, 156 P. 2d 340, and we deem it unnecessary to here fully restate the details of the rule of that case or the sustaining reasons thereof.

But it is readily apparent that under the rule of the Queen City Lodge case, this property is subject to ad valorem taxation notwithstanding the ownership and use of rental proceeds as above stated. That is to say, that it is the use of such property itself which may give rise to the constitutional right to tax exemption; that mere use of the net income of such commercial properties in charity is not equivalent to the use of the property itself in charity; and that the use of the net income of such property is not sufficient to create exemption of the property itself from ad valorem taxation.

The authorities primarily relied upon in this case by the Association are cases which were overruled in the Queen City Lodge case, supra. (The briefs were filed herein prior to that decision). In that opinion we found compelling reasons to overrule these former decisions which are now relied upon by the Association, and we adhere to that conclusion overruling those prior decisions. However, in the Queen City Lodge case we also found compelling reasons to conclude that the overruling of such prior decisions amounted to a sharp change in the rule of taxable status of such properties, and that such overruling of prior decisions and such change of rule as to taxable status should operate prospectively only so as to make such properties subject to ad valorem taxation and assessment therefor only in future years.

And while we here follow the conclusions of overruling such prior decisions, we also adhere to the rule of the Queen City Lodge case in here making such rule to apply prospectively only.

We are mindful of the view that we may have the authority and ought to make this rule retroactive for recent prior years so as to subject such properties to taxation during the period of present contest and to assessment for taxation for the present year of 1945, but we do not agree. That view would violate the rule of prospective operation and effect of our decision. That view was definitely and fully considered and disapproved in our determination of the Queen City Lodge case. We there made full and unrestricted application of the rule by which the decision would operate and be effective prospectively only, thus making such

properties first assessable and taxable in and for the year 1946.

In this case the judgment of the trial court ordered the assessment of this building and grounds stricken from the tax rolls, which conclusion was correct under the former rule of construction which was overruled in the Queen City Lodge case. The trial court's determination here must be affirmed because in the Queen City Lodge case we withheld from any retroactive effect our overruling of prior decisions, a conclusion which we here follow. But the conclusion to affirm is only arrived at upon the foregoing considerations and is fully conditioned upon the future taxable status of the property as herein outlined.

In this case the record is not wholly clear as to the portion of the building which is exclusively occupied and used by the Association for its general purposes of charity and benevolence; however, the record indicates that some part of the building is so used separate and apart from that portion of the building which is held for general rental and rented commercially to tenants. That detail can, of course, be made clear when this property is assessed for taxation for future years under the rule of prorata assessment adopted in the Queen City Lodge case and set out in the syllabus here.

For the reasons stated, and upon the considerations and conditions stated, the judgment appealed from is affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., concurs in part and dissents in part. CORN, J., dissents.

HURST, V.C.J., I dissent to the majority decision insofar as it applies the rule of prospective operation in the Queen City Lodge case (195 Okla. 131, 156 P. 2d 340) to the year 1945, for the reason given in my opinion in that case.