Charitable Corporation — Softball Field — Taxation Furnishing a softball field with night lighting where admission is charged to pay for the lights and upkeep, however laudable, does not exempt the real property from ad valorem taxes, even though the corporation owns the same is itself exempt. The Attorney General is in receipt of your letter of recent date wherein you, in effect, state: Lions, Incorporated, is a corporation under the laws of the State of Oklahoma and owns Lots Twenty (20) to Thirty (30), inclusive, of Block Two (2), Hillcrest Addition to Clinton, Oklahoma. This property has softball facilities with night lighting. The County Assessor was furnished an affidavit by the President of the corporation in 1966, a copy of which is attached. You ask, "Should this property be removed from the ad valorem tax rolls of Custer County, State of Oklahoma?" We have made inquiry and find that the above described property is used at times for competitive sport events and admission charged to pay for the lighting and upkeep. If such property comes within exemptions from ad valorem taxation the same must be within the terms of the following portions of Article X, Section 6 Oklahoma Constitution which in part provides: "All property used for free public libraries, free museums, public cemeteries, property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes, and all property of the United States, and of this State, and of counties and of municipalities of this State; . . . Provided, That all property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma, shall be exempt from taxation until otherwise provided by law: . . . . "All property owned by . . . fraternal orphan homes, and other orphan homes, together with all their charitable funds, shall be exempt from taxation, . . ." It will be noted that because of the proviso that "all property now exempt from taxation under the laws of the Territory of Oklahoma shall be exempt from taxation until otherwise provided by law," territorial statutory exemptions are incorporated as part of the basic law. The legislature could repeal territorial exemptions but could not expand them. Beta Theta Pi Corp. v. Board of County Commissioners, Cleveland County, 108 Okl. 78, 234 P. 354. The exemptions under territorial law are enumerated in subdivisions five (5) and six (6) of Section 5914, Wilson's Revised Statutes of Oklahoma Territory 1903, which in pertinent part are as follows: "Fifth. The grounds and buildings of library, scientific, educational, benevolent and religious institutions, colleges or societies, devoted solely to the appropriate objects of these institutions, not exceeding ten acres in extent, and not leased or otherwise used with a view to pecuniary profit. "Sixth. The books, papers, furniture, scientific or other apparatus pertaining to the above institutions and used solely for the purpose above contemplated, and the like property of students in any such institutions used for the purpose of their education." Any new exemptions from taxation by the legislature other than these in Article X, Section 6 and Section 68 O.S. 5914 [68-5914], supra, would run afoul of Article V, Section 50 Oklahoma Constitution, which is as follows: "The Legislature shall pass no law exempting any property within this State from taxation, except as otherwise provided in this Constitution." The provisions of Section 5914, supra, were re-enacted in 1909 (S.L. 1909, ch. 38) and carried forward into Section 12319 O.S. 1931 [19-1931]. In 1941, Section 12319 was repealed and 68 O.S. 1941 Section 15.2[68-15.2] [68-15.2] was enacted. Section 15.2 subsections 3, 4, 8 and 9 provided as follows: "3. All property of any scientific or educational institution, college or society providing such property is devoted exclusively and directly to the appropriate objects of such institution, college or society within this State, provided, however, that any such scientific or educational institution, college or society shall be allowed an exempted valuation not to exceed $2,500.00 on property not used exclusively and directly for scientific or educational purposes within this State. "4. The books, papers, furniture and scientific or other apparatus pertaining to any institution, college, or society referred to in subparagraph 3 of this Section, and devoted exclusively and directly for the purpose above contemplated, and the like property of students in any such institution or college, while such property is used for the purpose of their education. "8. All property of any benevolent or charitable institution organized or chartered under the laws of this State as a nonprofit or charitable institution providing the net income from such property is used exclusively within this State for charitable purposes and no part of such income inures to the benefit of any private stockholder. "9. All property used exclusively and directly for charitable purposes within this State providing the charity using said property does not pay any rent or remuneration to the owner thereof." Section 15.2 was carried forward, with inconsequential changes in 1943, 1945 and 1957 into 68 O.S. 15.2 [68-15.2] (1961). A new Oklahoma Tax Code was enacted and codified in 1965 (Laws 1965, C. 235, Section 1) and the tax exemption statute is now 68 O.S. 2405 [68-2405] (1968), which is in relevant part: "(g) All property used exclusively and directly for fraternal or religious purposes within this State. "(h) All property of any charitable institution organized or chartered under the laws of this State as a nonprofit or charitable institution, provided the new income from such property is used exclusively within this State for charitable purposes and no part of such income inures to the benefit of any private stockholder, and provided further that its facilities are available to any person regardless of his ability to pay. "(i) All property used exclusively and directly for charitable purposes within this State, provided the charity using said property does not pay any rent or remuneration to the owner thereof, and its facilities are open to any person regardless of his ability to pay." We have secured from the Secretary of State of Oklahoma a copy of the Articles of Incorporation of the corporation "Lions, Incorporated" and find its purposes as follows: "The purpose for which this corporation is formed is to establish and maintain a meeting place for the members of said Corporation; to promote, maintain and carry on baseball games, boxing matches, and other athletic and social events for the entertainment of the members and public at large; to maintain said corporation exclusively for a benevolent and/or charitable purpose; and to that end to acquire, hold, mortgage and sell such property, real and personal as may be deemed necessary." We have inquired and have been informed that the property described in your question has been used by many organizations in the past; that admission to events has been charged; and that there has been no public accounting for such charges to determine whether or not more money was received than was paid out or whether or not the corporate owner, its stockholders, directors or trustees or any of them profited from such admission charges. The affidavit furnished this office made by Mr. Jim Laminack, President of Lions, Incorporated, states that the property of the corporation is used exclusively for "fraternal purposes" and yet the purposes of the corporation are not fraternal and the property of the corporation involved here has had no structure erected thereon except a softball stadium which bears no relation to a fraternal organization or purpose. The affidavit also states that Lions, Incorporated is a nonprofit, charitable corporation, its property is used for charitable purposes and is available to any person regardless of his ability to pay. This statement is made to bring the use of the property within Section 68 O.S. 2405 [68-2405](i), supra, and yet it appears that admission has been charged for the use of the property. In the case of Board of Equalization v. Tulsa Pythian Benevolent Association,195 Okl. 458, 158 P.2d 904, the court said: "But it is readily apparent that under the rule of the Queen City Lodge case, this property is subject to ad valorem taxation notwithstanding the ownership and use of rental proceeds as above stated. That is to say, that it is the use of such property itself which may give rise to the constitutional right to tax exemption; that mere use of the net income of such commercial properties in charity is not equivalent to the use of the property itself in charity; and that the use of the net income of such property is not sufficient to create exemption of the property itself from ad valorem taxation." Furnishing a softball field with night lighting where admission is charged to pay for the lights and upkeep, however laudable, does not exempt the real property from ad valorem taxes. It is therefore the opinion of the Attorney General your question should be answered in the negative. (W. J. Monroe)