Industrial Development Authority — Ad Valorem Tax It will be presumed that the said Authority was formed and created under the organic law of the city and pursuant to the provisions of 62 O.S. 653 [62-653] (1961), under the terms and provisions of 60 O.S. 176 [60-176] — 60 O.S. 180 [60-180] (1961); that a valid trust exists; and that the designated beneficiary thereof is the City of Vinita, Oklahoma. Therefore, property held by the Authority as trustee under a trust for the use and benefit of the City of Vinita is non-taxable for ad valorem taxes, regardless of the use to which such property is put. The Attorney General has had under consideration your letter dated November 25, 1968, wherein you pose the following questions: "The first entity is the Vinita Industrial Development Authority. This Authority was set up by the City Counsel of the City of Vinita. The property was purchased by the Authority and is now owned by the Authority. This is one of the Authorities that is set up and issues bonds and makes arrangements with Industrial firms to locate a new industry in the community. This whole proceeding is pursuant to the provisions of Title 62 O.S. 651 [62-651] et seq. The query is concerning the property owned by this type of an organization. Is it non-taxable for ad valorem taxes? "The three small tax statements enclosed are on and cover real estate owned by Vinita Industrial Foundation. This real estate has just been acquired recently. The Vinita Industrial Foundation was incorporated in 1959 as an educational, scientific, charitable and benevolent corporation. This Corporation was organized under the provisions of Title 18 O.S. 541 [18-541] et seq. The query is concerning the real estate owned by this Corporation. Is this real estate non-taxable?" The Oklahoma Constitution, Article X, Section 6 provides, among other things, that: ". . . all property used exclusively for religious and charitable purposes, and all property of the United States, and of this State, and of counties and municipalities of this State; . . . shall be exempt from taxation; . . ." (Emphasis added) The relevant statutes are: Title 68 O.S. 15.2 [68-15.2] (1961) as amended by O.S.L. 1965, ch. 501, Section 2, recodified as Title 68 O.S. 2405 [68-2405] (1968), which provides that, "The following property shall be exempt from taxation: . . . "(b) All property- of this State and of the counties, school districts, and municipalities of this State. "(h) All property of any charitable institution organized or chartered under the laws of this State as a nonprofit or charitable institution, provided the net income from such property is used exclusively within this State for charitable purposes and no part of such income inures to the benefit of any private stockholder, and provided further that its facilities are available to any person regardless of his ability to pay." In the case of State ex rel. City of Tulsa v. Mayes, 174 Okl. 286,51 P.2d 266, the City of Tulsa had acquired land in Mayes County for the purpose of water rights, but also used it for other purposes; such as, selling water to private persons and firms and selling boating rights to individuals. The Court stated, in the body of its opinion: "It is the general rule that where the Constitution and laws of a state exempt from taxation all property of municipalities within the state, without reference to the use to which the property is put, it is exempt from all taxation regardless of the character of the use thereof." (Citing cases) It then declared: "Under the plain provisions of our Constitution and the statutes enacted pursuant thereto, ownership of property by a municipality exempts it from taxation no matter to what use it may be put. "The use to which property is put is decisive of the question of exemption from taxation of property used for free public libraries, free museums, public cemeteries, for religious or charitable purposes. "But authorities cited dealing with property so used are not in point by reason of the character of the exemptions in our Constitution and statutes which, as heretofore stated, do not limit the exemptions to the nature of the use of such property." In addition, 68 O.S. 2405 [68-2405] (1968), lists the property which is exempt by statute. In doing so, the Legislature has reiterated those exemptions announced in the Constitution and intentionally omitted any purpose clause to the municipalities, while carefully including such clause in other instances. Attorney General's Opinion No. 66-307, cites the Mayes case in illustrating the difference between the taxable status of land owned by a municipality, in respect to which usage is of no significance, and land privately owned, in respect to which usage determines taxable status. With respect to your first question, 62 O.S. 651 [62-651] — 62 O.S. 664 [62-664] (1961) contains no language which infers that property acquired by and standing in the name of an Industrial Development Authority is per se deemed or considered to be property owned by or belonging to the municipality which participated in formation of the Authority. Therefore, for purposes hereof, it will be presumed that the said Authority was formed and created under the organic law of the city and pursuant to the provisions of 62 O.S. 653 [62-653] (1961), under the terms and provisions of 60 O.S. 176 [60-176] — 60 O.S. 180 [60-180] (1961); that a valid trust exists; and that the designated beneficiary thereof is the City of Vinita, Oklahoma. Based upon such presumptions, it is the opinion of the Attorney General that property held by the Authority as trustee under a trust for the use and benefit of the City of Vinita is non-taxable for ad valorem taxes, regardless of the use to which such property is put. The property referred to in your second question is held by a corporate legal entity organized under the provision of 18 O.S. 541 [18-541] (1961), et seq. Exemption from ad valorem taxation depends upon the use to which such property and the income derived therefrom is put or is devoted. Title to such property is in the corporate entity, which has a separate and independent legal identity from that of the municipality. This property may be leased or loaned to, or occupied by, a third party or parties. In such event, the taxable status of the property may be affected. The use to which the property is put, or to which it is devoted, and which will effect a change in its taxable status, is a question of fact which must be determined by the taxing authority. In Attorney General's Opinion No. 64-365, reference was made to the case of Gibson v. Phillips University, 195 Okl. 456, 158 P.2d 901, wherein our Supreme Court held in paragraph three of the Syllabus: "By virtue of the Constitution real estate owned by a non-profit educational and benevolent corporation and used by such owner for the appropriate purposes and objects thereof is exempt from ad valorem taxation. But real estate, though so owned, is not so exempt if it is not used by the owner as above stated, but instead is separately maintained for revenue only by rental to the public or to selected tenants, and this is true even if the net income from such rental property is used by the owner as above stated." This case involved property held by educational institutions by reason of which tax exemption was claimed, although the property was put to other uses with the income derived from such uses being devoted to educational purposes. Attorney General's Opinion No. 67-438 contains the following observation regarding the burden of proof required to sustain a claim for tax exemption. "In Southwestern Osteopathic Sanitarium v. Davis, Co. Treasurer, 115 Okl. 296,242 P. 1033, reference is made to the case of Kansas City Exposition Driving Park v. Kansas City, 174 Mo. 425, wherein it was said: " 'The burden is on the party claiming the exemption to point to the law exempting him from taxation, and such law must be clear and unambiguous. Such statutes and constitutional provisions are construed with strictness and most strongly against those claiming the exemption.' " In the light of the foregoing, it is the Attorney General's opinion that the property referred to in your second question is taxable for ad valorem purposes unless the party claiming the exemption can establish that the property is used exclusively in this State for the purposes of the organization as set out in its charter, its facilities are available to any person regardless of such person's ability to pay; and no part of such net income inures to the benefit of any private stockholder. (Carl G. Engling) ** SEE: OPINION NO. 77-106 (1977) **