Private College — Taxation — Exemption Property cannot be removed from the ad valorem tax rolls of a county merely because such property is deeded to a private college. To be exempt from taxes, such property must be used by such college for the purposes of the college and not merely the income therefrom used for appropriate purposes of such institution. The Attorney General is in receipt of your letter of August 11, 1969, wherein you state: "Recently, a tract of land, in Grant County, was deeded to Oklahoma Christian College. This property is not being used for school purposes at this time." In connection with the above statements of facts, you asked the following question: "Must this property be removed from the Ad Valorem tax rolls of the county?" In the case of Oklahoma County v. Queen City Lodge,195 Okl. 131, 156 P.2d 340 (1945), the Court in the seventh paragraph of the syllabus held as follows: "Section Article X, Section 6 of the State Constitution of Oklahoma exempts from taxation only such property of the institutions therein named as is used for the appropriate purposes of such institutions and does not exempt property merely because the income therefrom or the net income therefrom is used for such purposes." The above decision was followed in the case of Gibson v. Phillips University,195 Okl. 456. 158 P.2d 901 (1945), in which Phillips University claimed 176 acres of farm land to be tax exempt, but the court held the same taxable because of the fact that the real estate had been acquired by the University but was not being used for the appropriate purposes of the College and that merely the income therefrom was being used for the appropriate purposes of Phillips University . In the case of Board of Equalization v. Tulsa Pythian Benevolent Association,195 Okl. 458, 158 P.2d 904, the court also followed the Queen City Lodge case and said: "But it is readily apparent that under the rule of the Queen City Lodge case, this property is subject to ad valorem taxation notwithstanding the ownership and use of rental proceeds as above stated. That is to say, that it is the use of such property itself which may give rise to the constitutional right to tax exemption; that mere use of the net income of such commercial properties in charity is not equivalent to the use of the property itself in charity; and that the use of the net income of such property is not sufficient to create exemption of the property itself from ad valorem taxation." It is, therefore, the opinion of the Attorney General that your question should be answered in the negative. Property cannot be removed from the ad valorem tax rolls of a county merely because such property is deeded to a private college. To be exempt from taxes, such property must be used by such college for the purposes of the college and not merely the income therefrom used for appropriate purposes of such institution. (W. J. Monroe) (Ed Note: Private School)