HOSPITAL ADMINISTRATOR — HOME SUBJECT TO AD VALOREM TAXES The home of a hospital administrator which is separate from the municipal hospital and which is owned by the Masonic Hospital Association is not specifically excepted by the provisions of 68 O.S. 2405 [68-2405] (1971). Absent a factual showing that the use of the property brings it within the exemptions as contemplated by 68 O.S. 2405 [68-2405] (1971), and Article X, Section 6 of the Oklahoma Constitution, the property is subject to ad valorem taxes. The Attorney General is in receipt of your recent letter, wherein you, in effect, ask: Whether a hospital administrator's home, which is separate from the hospital and in which the administrator is required to live, is subject to ad valorem taxes? In a subsequent letter, you provide the following facts: "The hospital in question is owned by the municipality (Cushing, Oklahoma) and is operated by a Masonic Hospital Association and the administrator of the hospital is required to live in the residence as a condition of his employment." Article X, Section 6
Oklahoma Constitution, provides the scope of exemptions, in pertinent part, as follows: "All property used for free public libraries, free museums, public cemeteries, property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes, and all property of the United States, and of this State, and of counties and of municipalities of this State; * * * provided, that all property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma shall be exempt from taxation until otherwise provided by law." A new Oklahoma Tax Code was enacted and codified in 1965 (Laws 1965, C. 501, 2) and the tax exemption statute is now 68 O.S. 2405 [68-2405] (1971), which provides in material part as follows: "(g) All property used exclusively and directly for fraternal or religious purposes within this State. "(h) All property of any charitable institution organized or chartered under the laws of this State as a nonprofit or charitable institution, provided the net income from such property is used exclusively within this State for charitable purposes and no part of such income inures to the benefit of any private stockholder, and provided further that its facilities are available to any person regardless of his ability to pay. "(i) All property used exclusively and directly for charitable purposes within this State, provided the charity using said property does not pay any rent or remuneration to the owner thereof, and its facilities are open to any person regardless of his ability to pay." "(j) All property of any hospital established, organized and operated by any person, partnership, association, organization, trust, or corporation, as a nonprofit and charitable hospital, provided the property and net income from such hospital are used directly, solely, and exclusively within this State for charitable purposes and that no part of such income shall inure to the benefit of any individual, person, partner, shareholder, or stockholder, and provided further that such hospital facilities shall be open to the public without discrimination as to race, color or creed and regardless of ability to pay, and that such hospital is licensed and otherwise complies with the laws of this State relating to the licensing and regulation of hospitals." The constitutional test to be used in determining whether property is to be exempt was expressed in Oklahoma County v. Queen City Lodge, 156 P.2d 340, as follows: "We have consistently said, and reassert here, that in cases such as this the use to which property is devoted is the constitutional test to be applied in determining whether same is exempt." In Oklahoma County v. Queen City Lodge, supra, the following pertinent language appears: "14 The rule is well expressed in Vol. 2 Cooley on Taxation, 4th Ed. page 1442, sec. 688, as follows: 'If the exemption is limited by its terms to property used for certain purposes, the question sometimes arises as to whether the exemption is entirely or only partially lost where a single piece of property is partly devoted to exempt purposes and partly devoted to nonexempt purposes, especially where the exemption is limited to property "exclusively" or "wholly" or "solely" used for certain purposes. Of course if the part not used for exempt purposes is wholly separate and apart from the other property used for exempt purposes, then there is no question but that the nonexempt part should be taxed and the exempt part not taxed. . . ." The above decision was followed in the case of Gibson v. Phillips University,195 Okl. 456, 158 P.2d 901 (1945), wherein Phillips University claimed 176 acres of farm land as tax exempt, the Court held the land taxable stating that, although the real estate was acquired by the University, it was not being used for the appropriate purposes of the University and that merely the income therefrom was being used for the appropriate purposes of Phillips University. In the case of Board of Equalization v. Tulsa Pythian Benevolent Association, 195 Okl. 458, 158 P.2d 904, the Court also followed the Oklahoma County v. Queen City Lodge, supra, and said: "But it is readily apparent that under the rule of the Queen City Lodge case, this property is subject to ad valorem taxation notwithstanding the ownership and use of rental proceeds as above stated. That is to say, that it is the use of such property itself which may give rise to the constitutional right to tax exemption; that mere use of the net income of such commercial properties in charity is not equivalent to the use of the property itself in charity; and that the use of the net income of such property is not sufficient to create exemption of the property itself from ad valorem taxation." Thus, exemptions are to be strictly construed and no exemption should be allowed unless same is clearly expressed and any ambiguity in a constitutional provision or statute should be resolved in denying the exemption. Oklahoma County v. Queen City Lodge, supra. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The hospital administrator's home which is separate from the municipal hospital and which is owned by the Masonic Hospital Association is not specifically excepted by the provisions of 68 O.S. 2405 [68-2405] (1971). Absent a factual showing that the use of the property brings it within the exemptions as contemplated by 68 O.S. 2405 [68-2405] (1971), and Article X, Section 6 of the Oklahoma Constitution, the property is subject to ad valorem taxes. (Nathan J. Gigger)