William ALLDREDGE, Jerry Abraham, Eugene Baker, Merle Baughman, Daryel Beal, Ted Berryhill, Jim Bloomer, Eddie Callaway, Elton Covington, John Connelly, Bill Franklin, William T. Gilliam, Kenneth Goodin, Jerry S. Kovacs, Floyd McCaig, Jack McCracken, Doyle McCune, Lewis Morris, Kenneth Perkins, Jim Rambo, Jack Rhoads, Rocky Walters, Tommy L. Whitehead and Eldon D. Young, Appellees,

v.

The OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT BOARD and the Local Firefighters Pension and Retirement Board of Lawton, Appellants.

No. 74528.

Court of Appeals of Oklahoma, Division No. 3.

May 14, 1991.

Rehearings Denied July 1, 1991.

Certiorari Denied Sept. 11, 1991.

Robert M. Henry, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Oklahoma City, and Felix A.D. Cruz, Asst. City Atty., Lawton, for appellants.

Joe B. Reeves, Oklahoma City, for appellees.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

This is an appeal from the District Court of Comanche County which entered a declaratory judgment and injunction on December 7, 1989, in favor of all Appellees. Appellees were firefighters for the City of Lawton and each had ten or more years of service as of January 1, 1981, with the exception of two. On that date, local firefighter pension plans were merged by statute into one state program.

Prior to January 1, 1981, the only way a firefighter could receive a pension was to have completed twenty years of service or to have become disabled. A statute was enacted effective January 1, 1981, 11 O.S.1981, § 49–117.1 (amended and currently codified at 11 O.S.Supp.1988, § 49–117.-1), which provided that firefighters who entered the system after January 1, 1981, and quit after ten or more years of service, could choose to receive back their contributions to the retirement program or instead to elect a vested benefit to be prorated and paid when twenty years of service would have been completed. In 1985, Section 49–117.1 was amended and no longer limited the ten-year vesting benefit to firefighters who became employed after January 1, 1981.

This appeal concerns the date of vesting of the various firefighters, the rights of Appellees under a repealed statute which allowed for automatic pension adjustments, and the rights of Appellees concerning the method in which their final average salary is calculated.

### I.

All the Appellees except Kovacs, who vested earlier, claim they became "vested" as of January 1, 1981, and acquired certain contract rights protected by the United States and Oklahoma Constitutions. The District Court of Comanche County agreed and held that each firefighter who had at

least nine years, six months, and one day of service on January 1, 1981, was vested and had constitutionally protected contract rights.

Appellees assert that as a result they are entitled to the benefits of a certain statute (11 O.S.1981, § 49–136), giving automatic salary adjustments to retired firefighters receiving pensions. The statute went into effect January 1, 1981, and was repealed May 26, 1983. In the case of *Baker v. Oklahoma Firefighters Pension and Retirement System*, 718 P.2d 348 (Okl.1986), the Oklahoma Supreme Court answered certain certified questions from the United States District Court for the Western District of Oklahoma, concerning the effect of the repeal of this statute as it applied to firefighters who retired, or could have retired, because of having completed twenty years of service or being disabled during the time this statute was in effect. The Oklahoma Court stated "the right of a claimant to a pension is controlled by the terms of the statute in effect when the right to a pension vests and [our prior cases] have implied that vesting occurs as of the date of retirement". 718 P.2d at 351. The Court held that under Oklahoma's statutory scheme the right to retirement pension benefits "becomes absolute at the time those benefits become payable to those eligible". 718 P.2d at 353. The court held the firefighters who retired or could have retired while the statute was in effect were entitled, therefore, to the benefits of the statute.

### A.

■ In the present case, fifteen of the Appellees fall within the *Baker* case holding. Eight firefighters (Baughman, Berryhill, Donnelly, Franklin, McCraig, McCune, Perkins and Walters) did retire between January 1, 1981 and May 26, 1983. Seven more (Alldredge, Beal, Bloomer, Gilliam, Kovacs, Morris and Whitehead) could have retired during this period. These fifteen are entitled to the benefits of 11 O.S.1981, § 49–136, according to the rule established in *Baker*. Their rights are controlled by the statutes in effect at the time they were

eligible to retire. Accordingly, the trial court's ruling that these Appellees are entitled to automatic pension adjustments is affirmed.

### B.

■ The remaining nine firefighters (McCracken, Rambo, Goodin, Abraham, Covington, Young, Rhoads, Calloway, and Baker) were not eligible to retire on January 1, 1981, and were not vested at that time. In fact, the statute upon which they rely for asserting that they vested on January 1, 1981, 11 O.S.1981, § 49–117.1, specifically limited ten year vesting to firefighters who entered the System after January 1, 1981. None of the Appellees entered the system after January 1, 1981. The statute distinguished firefighters who became members of the System prior to January 1, 1981, and did not give this group ten year vesting benefits. Nor did the subsequent amendment of this statute on July 8, 1985, provide for retroactive application so as to have authorized the trial court's holding that all the firefighters with nine years, six months, and one day of service on January 1, 1981, were vested then. The statute was amended and simply eliminated any reference to dates of entering the System.

■ "As a general rule, a statute or its amendment will have only prospective effect unless it clearly provides otherwise." *Hammons v. Muskogee Medical Center Authority*, 697 P.2d 539, 540 (Okl.1985). If there is any doubt, it is to be resolved against retroactive effect. *In the Matter of McNeely*, 734 P.2d 1294 (Okl.1987). Appellees' contention that the 1985 amendment of 11 O.S. § 49–117.1 should date back to 1981 so as to have vested them then and so as to give this group of nine firefighters the benefit of the automatic pension adjustment statute which was repealed in 1983 is simply without merit. It is not supported by the language of the statute controlling vesting or by case law. We hold, therefore, that those Appellees who had less than twenty years service on July 8, 1985, and who were not retired due to disablement, did not vest on January 1, 1981. They became vested on July 8, 1985.

They were not, therefore, entitled to the benefits of the repealed statute which gave automatic pension adjustments. The trial court's judgment is reversed to the extent it holds that these nine Appellees vested January 1, 1981, and were entitled to the benefits of 11 O.S.1981, § 49–136.

## II.

■ The contractual rights of all the firefighters are controlled by the statutes in effect on the date of vesting according to the holdings of *Baker.* In *Baker,* 718 P.2d at 352, the Court recited with approval an opinion by the Delaware Supreme Court, *Petras v. State Board of Pension Trustees,* 464 A.2d 894, 896 (Del.1983), which stated:

> *Grant* held that there was no protected interest in a statutory benefit if the statute was repealed prior to its effective date, and that such future benefits could lawfully be adjusted or eliminated. The import of these cases is that pension rights may be changed at any time before they become vested.

> Thus, it is clear that no contract exists between an employee and the State, concerning the state pension plan, unless and until the pension vests.

The Oklahoma Supreme Court reasoned in *Baker* that viewing the contract between the state and its employees as coming into existence at the point of eligibility allowed the Legislature needed flexibility in fiscal planning and acknowledged the contingent nature of the relationship as it ripens into a contractual obligation.

Prior to enactment of 11 O.S. § 49–100.1 in 1981, pension payments to firefighters from their retirement programs were calculated by reference to their average monthly salary before retirement. 11 O.S.Supp., §§ 49–101 *et seq.* In the case of the Lawton firefighters, their salaries included final payment for accrued but unused sick and annual leave. Also included were compensation to reimburse for out-of-pocket expenses, as well as overtime pay, uniforms allowance, longevity pay and leadman pay. When Section 49–100.1 was enacted in 1981, it prohibited inclusion of payments for accumulated sick or annual leave or uniforms allowances when calculating final average salary. The result was reduced final salary averages from which pension payments could be calculated and, necessarily, smaller pension payments. This statute was amended in 1987 to further exclude compensation for reimbursement of any out-of-pocket expenses. All the Appellees claim they have a contractual right to have their pensions calculated with all prior remunerations included in their final average salary.

In deciding Appellees' right to have a pension calculated from a salary which included the various forms of compensation, consideration must be given to the laws in effect at the time of vesting. It is at that time that contractual obligations arise. *Baker v. Oklahoma Firefighters Pension & Retirement System, supra.* Section 49–100.1(14) of Title 11, the statute which defines final average salary, and other pertinent statutes, must be consulted as of the date of vesting. Prior definitions of this term cannot restrict the Legislature's need to control and preserve the fund on behalf of all firefighters.

■ The law in effect in 1981 determines what may or may not be included in the final average salary of one who retired or was eligible to retire in 1981. The law in effect in 1982 determines what may or may not be included in the final average salary of one who retired or was eligible to retire in 1982 and so on and so forth. The statutes must be consulted at the time each firefighter vests because it is those statutes which determine his or her contract rights. Because Appellee Kovacs was eligible to retire prior to 1981, his pension benefits may be properly calculated according to the system existing at the time he became eligible to retire.

■ Appellees claim, however, that their contributions to the retirement system had previously been based upon their total compensation and not just their base salary. While such may create a right to reimbursement for amounts paid over and above the required amounts, it does not

create a constitutionally protected contract right to a larger pension than allowed by statute.

Because of the foregoing, we hold that the declaratory judgment and injunction entered by the trial court must be reversed in part, affirmed in part, and remanded so that a declaratory judgment in accordance with this opinion may be entered.

AFFIRMED IN PART, REVERSED IN PART and REMANDED WITH DIRECTIONS.

GARRETT, P.J., and HANSEN, J., concur.