**Mayree V. HARRIS, Appellant,**

v.

**Forrest Butch FREEMAN, Acting Treasurer of Oklahoma County, and Board of County Commissioners of the County of Oklahoma, Appellees, Cross–Appellees,**

**and**

**Central Bank of Oklahoma City, Cross–Appellant,**

**and**

**Ingersoll–Rand Company, Compaction America, Inc., and Charter National Bank, Defendants.**

**No. 83257.**

Court of Appeals of Oklahoma,
Division No. 1.

July 5, 1994.

Rehearing Denied Aug. 9, 1994.

John N. Hermes, Robert L. Garbrecht, Oklahoma City, for appellant.

Edward O. Lee, John W. Mee, III, Oklahoma City, for cross-appellant.

Lou Keel, Jerry L. Stone, Oklahoma City, for appellees.

### OPINION

HANSEN, Judge:

In this action for declaratory judgment, Appellant Mayree V. Harris (Harris) and Cross–Appellant Central Bank of Oklahoma (Bank),[1] seek review[2] of the trial court's order finding that Appellee County has a first priority tax lien[3] on the assessed business personal property of Rent It Company (Rent It).

Harris initiated this action by her Petition for Declaratory Judgment filed October 8, 1993. In her Petition, Harris alleges Rent It is indebted to her, that such indebtedness is in default and is secured by security interests in all of Rent It's assets, and that her security interests were perfected on April 28, 1988, by filing financing statements in accordance with the Oklahoma Uniform Commercial Code (UCC).[4]

Harris' Petition further alleges County's records reflected Rent It had delinquent personal property tax bills for the years 1986 through 1989, that each of the defendants other than County had also perfected security interests in Rent It's assets, and that a dispute had arisen with County over priority of rights to the assets. Harris asked the trial court to declare the rights of the parties with respect to Rent It's assets, or the proceeds from the sale of the assets.[5]

In its Answer, County admitted the controversy over respective priority rights, but also asserted a first priority lien for 1985 delinquent personal property taxes, in addition to the 1986 through 1989 tax years. County then moved for summary judgment, arguing that pursuant to 68 O.S.Supp.1992 §§ 2925 and 2929, it had a first priority lien for delinquent taxes upon sale of encumbered personal property. County also contended 1992 amendments[6] to those sections should be applied retroactively.

Harris responded to County's motion and filed her own motion for summary judgment. Harris first asserted that County's personal property tax lien for 1985 had expired in accordance with 68 O.S.1991 § 3103.[7] She next asserted that under 68 O.S.1991 §§ 3102 and 3103, her security interests, which were perfected prior to the time the tax liens for the tax years 1987 through 1989 arose, have priority over County's tax liens for those years. Finally, Harris contended that §§ 2925 and 2929 are not applicable in this case, and even presuming they were applicable, the 1992 amendments to those sections should not be applied retroactively.

Bank, in turn, filed a cross-motion for summary judgment against County. Bank, whose UCC financing statement asserting a security interest in Rent It's assets was filed on January 4, 1988, also relied on §§ 3102 and 3103 for its contention that its security interest had priority over County's subsequently recorded tax liens. Bank additionally argued that creating a "super-priority" for

1. Now Bank One, Oklahoma City

2. In accordance with Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

3. The law in controversy is the Ad Valorem Tax Code, 68 O.S.1991 §§ 2801 et seq.

4. Specifically, 12A O.S.1991 § 9–101 et seq. (Secured Transactions). The financing statements were continued by filing continuance statements on April 14, 1993.

5. 68 O.S.1991 § 3102 provides that when personal property tax liens are placed on county tax lien docket:

... any person claiming any interest in any land or personal property can sue the county treasurer and board of county commissioners in the district court to determine the validity or priority of said lien.

6. See, Laws 1992, c. 378, §§ 1 and 2, eff. June 9, 1992.

7. Section 3103 provides in part that:

... if not collected within said seven (7) years from the date ... due and payable, said unpaid personal property taxes shall cease to be a lien upon any real or personal property of the [taxpayer].

personal property tax liens is violative of public policy.[8]

The trial court granted County's motion for summary judgment. The court found County had a first priority lien on Rent It's assets under 68 O.S.Supp.1992 §§ 2925 and 2929, which lien arises upon sale of the assets. The court also found County's lien secured payment of Rent It's delinquent 1985 through 1989 personal property taxes; that County's priority extended even to security interests perfected before creation of the tax liens; and that §§ 2925 and 2929, as amended in 1992, apply to sales of personal property after that date, rather than the law in existence at the time Harris' and Bank's security interests were perfected.

Harris brings this appeal from the order granting summary judgment. She first reiterates her argument that §§ 3102 and 3103 should have been applied by the trial court to determine priority between County's tax liens and her security interests which were perfected prior to creation of the liens.

Conversely, but to the same effect, Harris also argues the trial court erred in finding County had a first priority tax lien under §§ 2925 and 2929, regardless of whether opposing security interests were perfected prior to creation of the tax lien.

As her final appellate proposition, Harris alternatively contends that even if §§ 2925 and 2929 are found to be applicable here, the trial court erred in retroactively applying those sections as amended in 1992.[9] In its Amended Cross–Petition in Error, Bank adopts Harris' allegations of trial court error.

There is no contention that material facts remain in controversy. Upon the agreed facts, we find, as a matter of law, that the trial court erred in determining County would have a first priority lien for delinquent

1985 through 1989 taxes on sale of Rent It's assets.

Presuming, without deciding, that §§ 2925 and 2929 were generally applicable to provide County a first priority lien, those sections would not pertain under the facts here. Section 2925 makes it the duty of one selling personal property at public sale or under order of a court to pay taxes due on that property. Section 2929, among other things, provides that taxes on the personal property shall be a lien on the property if the taxes are not paid upon sale.

There is no disagreement among the parties concerning the effect of the 1992 amendments to §§ 2925 and 2929. Prior to the amendments, those sections applied only to the current tax year in which the property was sold.[10] The 1992 amendments deleted "for that year", and substituted "all" or "any and all", as those terms related or relate to taxes due.[11] Thus, taxes due from previous years, as well as the current year, were brought within the purview of §§ 2925 and 2929 by the amendments.

Again presuming the Legislature intended to make delinquent personal property taxes a first priority lien by §§ 2925 and 2929, we find no intention, either express or implicit, on the part of the Legislature to give retroactive effect to its 1992 amendments to those sections.

County argues in its motion for summary judgment that the 1992 amendments should be applied retroactively because the statutory language is unambiguous, and makes "no reference whatsoever to only applying prospectively". However, as a general rule, a statute or its amendment will have only prospective effect unless it clearly provides otherwise. *Alldredge v. Oklahoma*

---

**8.** An *amicus curiae* brief was filed by the Oklahoma Bankers Association, which adopted and reaffirmed arguments made by Harris and Bank, and asserted the sole evidence of legislative intent regarding priority of the tax lien is found in §§ 3102 and 3103.

**9.** Harris does not raise the viability of the 1985 delinquent taxes on appeal.

**10.** See, *First National Bank of Comanche v. Young*, 155 Okla. 282, 8 P.2d 1108 (1932) (considering Comp.St.1921, § 9601, now § 2929).

**11.** See *supra* note 6.

*Firefighters Pension and Retirement Board,* 816 P.2d 580 (Okla.App.1991). If there is any doubt, it is to be resolved against retroactive effect. *Alldredge,* at 582.

More specifically, our Supreme Court, in *Fidelity Trust Co. v. Pumroy,* 45 Okla. 66, 144 P. 1052 (1914), noted with approval the rule found at 37 Cyc. 1145:

> It is even within the constitutional power of the Legislature to enact that the tax lien shall take precedence over mortgages or other incumbrances made or given before the enactment of the law creating the tax lien and existing at the date of its passage. *But this retroactive construction will not be adopted, unless expressed in terms too plain to be mistaken.* (emphasis added).

■ The presumption of prospective operation weighs most heavily where the enactment would prejudicially affect vested rights, or the legal character of past transactions. *Wickham v. Gulf Oil Corp.,* 623 P.2d 613 (Okla.1981). At the time Harris and Bank perfected their security interests in 1988, they had, by contract and operation of law, priority rights over County to Rent It's assets, except for County's previously recorded tax liens and taxes for the year of sale or contemplated sale under pre-amendment §§ 2925 and 2929.

■ Retroactive application of the 1992 amendments would prejudicially affect rights vested in Harris and Bank at the time they perfected their security interests. In the absence of a clear expression that the Legislature intended to affect rights which originated before passage of the 1992 amendments, the presumption against retroactive application favors a determination that the amendments do not apply so as to negate previously established priority rights.

Pre-amendment §§ 2925 and 2929 would give County priority over Harris and Bank only for current year taxes on any future sale or contemplated sale of Rent It's assets. The taxes at issue here are for prior years, making §§ 2925 and 2929 inapplicable to determine priority of rights in this matter. County does not controvert the contentions of Harris and Bank that their security interests would have priority over County's tax liens under §§ 3102 and 3103,[12] except for the tax lien for tax year 1986, which was recorded prior to the security interests.

Because neither Harris nor Bank specifically raise the trial court's implicit finding that County's 1985 tax lien was still viable, that determination is now final and beyond our reach. County's tax lien for tax year 1986 was recorded prior to perfection of the security interests at issue and would be superior under the arguments propounded by both sides of the controversy. We find the trial court erred in holding that County has first priority liens for the tax years 1987 through 1989 under §§ 2925 and 2929.[13]

The trial court's judgment is AFFIRMED IN PART, REVERSED IN PART and is REMANDED for further action consistent with this opinion.

JONES, P.J., and ADAMS, J., concur.

---

12. Sections 3102 and 3103, which provide detailed procedures for notice to taxpayers and recording of personal property tax liens, both contain the identical provisions that:
> Said liens are superior to all other liens, conveyances or encumbrances *filed subsequent thereto,* on real or personal property. (emphasis added).

13. The question of priority raised here will be moot effective September 1, 1994, when Enrolled Senate Bill No. 847 becomes law. This Act will amend 68 O.S.Supp.1993 §§ 2925 and 2929 to provide:
> ..., the priority of the tax lien shall be as set forth in Sections 3102 and 3103 of this title.