Dear Bank Commissioner Mick Thompson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does a personal property tax lien arising under
68 O.S. 2001 Supp. 2010, §§ 3102 and 3103, which isseven (7) years old or less, [1] have priority over a priorperfected security interest in personal property created pursuant toArticle 9 of the Oklahoma Uniform Commercial Code?
¶ 1 A "security interest" is a consensual lien and is defined in the Oklahoma Uniform Commercial Code ("UCC"), 12A O.S. 2001 Supp. 2010, §§ 1-101 through 11-107, as "an interest in personal property or fixtures which secures payment or performance of an obligation." 12A O.S.Supp. 2010, § 1-201[12A-1-201](b)(35); see Broadway Clinic v.Liberty Mut. Ins. Co., 139 P.3d 873, 879 (Okla. 2006). Except as otherwise provided in the UCC, a security interest in personal property is perfected if it has attached[2] and all of the applicable requirements for perfection have been satisfied. 12A O.S. 2001, § 1-9-308[12A-1-9-308](a).
¶ 2 Section 3102 of Title 68 of the Oklahoma Statutes provides for notice to be mailed and published, notifying taxpayers of delinquent taxes on personal property. Section 3103(A) of Title 68 provides that after publication notice is given, as set forth in Section 3102, a tax lien shall be imposed on the real or personal property of taxpayers who are delinquent on their personal property taxes. Both statutes include virtually identical provisions, stating such "liens are superior to all other liens, conveyances or encumbrances filed subsequent thereto, on real or personal property." 68 O.S. 2001 Supp. 2010, §§ 3102, 3103(A) (emphasis added).
¶ 3 Sections 3102 and 3103 do not purport to make a personal property tax lien superior to all other liens. The express language of the statutes makes the tax lien superior only to "liens, conveyances or encumbrances filed subsequent thereto."Id. (emphasis added).
¶ 4 "The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute." See City ofDurant v. Cicio, 50 P.3d 218, 221 (Okla. 2002). "Where the language of a statute is clear and unambiguous, the language will be given its plain meaning." Humphries v. Lewis,67 P.3d 333, 335 (Okla. 2003). Based on a plain reading of the statutes, the personal property tax liens referenced in Sections 3102 and 3103 do not have priority over aprior perfected security interest created pursuant to Article 9 of the UCC. Sections 3102 and 3103 expressly provide that a personal property tax lien has priority over only liens filedsubsequent to such tax liens.[3]
¶ 5 The Oklahoma Supreme Court previously held68 O.S. 1991, §§ 3102 and 3103 (which contained the language found in the current statutes, giving personal property tax liens superiority over "liens, conveyances or encumbrances filed subsequent thereto") does not give a personal property tax lien on real property priority over an earlier filed mortgage. See Sw. Commercial Capital,Inc. v. Cornett Packing Co., 997 P.2d 849, 854 (Okla. 2000). Although Cornett Packing Company dealt with the priority between a personal property tax lien and a prior mortgage on real property instead of a prior lien on personal property, the analysis is the same. The language of 68 O.S. 2001 Supp. 2010, §§ 3102 and 3103 does not give priority to personal property tax liens over prior perfected security interests in personal property created pursuant to Article 9 of the UCC.
 ¶ 6 It is, therefore, the official Opinion of the Attorney General that:
 A personal property tax lien arising under
68 O.S. 2001 Supp. 2010, §§ 3102 and 3103, which is seven (7) years old or less, does not have priority over a prior perfected security interest in personal property created pursuant to Article 9 of the Oklahoma Uniform Commercial Code. A personal property tax lien arising under
68 O.S. 2001 Supp. 2010, §§ 3102 and 3103, which is seven (7) years old or less, does have priority over a subsequently perfected interest in personal property created pursuant to Article 9 of the Oklahoma Uniform Commercial Code.
E. SCOTT PRUITT Attorney General of Oklahoma
JANIS W. PRESLAR Assistant Attorney General
[1] Since May 25, 1971, Oklahoma statutes have provided that a personal property tax lien shall be a lien on the real and personal property of a taxpayer for a period of seven years. See
1971 Okla. Sess. Laws ch. 165, § 1; 1990 Okla. Sess. Laws ch. 63, § 3; 1990 Okla. Sess. Laws ch. 339, § 17; 1991 Okla. Sess. Laws ch. 41, § 1; 1997 Okla. Sess. Laws ch. 340, § 5; 2004 Okla. Sess. Laws ch. 447, § 15. From April 28, 1970 to May 24, 1971, a personal property tax lien was effective for a period of 15 years. 1970 Okla. Sess. Laws ch. 299, § 2. Prior to April 28, 1970, a personal property tax lien was effective for a period of two years. 1965 Okla. Sess. Laws ch. 501, § 2.
[2] "A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment." 12A O.S.Supp. 2010, § 1-9-203[12A-1-9-203](a). A security interest in collateral is enforceable against the debtor and third parties if the conditions set forth in Section 1-9-203 are met.
[3] The Legislature could have given personal property tax liens priority over prior perfected security interests had it chosen to do so. See Harris v. Freeman,881 P.2d 104, 107 (Okla. Civ. App. 1994) (it is within the constitutional power of the Legislature to give a tax lien precedence over prior mortgages and encumbrances); Algyre v.Seminole County, 10 P.2d 677, 678 (Okla. 1932) ("The Legislature has not seen fit to provide in express terms for a tax lien on personal property which will take precedence over a recorded chattel mortgage."); First Nat'l Bank v. Young,8 P.2d 1108, 1109-10 (Okla. 1932) (citation omitted) (the Legislature may make taxes a paramount lien on a taxpayer's property, taking precedence over every other lien, whether attaching before or after assessment of the taxes); Fid. Trust Co. v. Pumroy,144 P. 1052, 1053 (Okla. 1914) (citation omitted) (it is within the constitutional power of the Legislature to give a tax lien precedence over prior mortgages and encumbrances). However, the Legislature has not chosen, through express language, to give personal property tax liens priority over prior perfected security interests. *Page 1